# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) Case No. 21-10527 (JTD) |
| Debtors. | ) (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' FORTY LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' forty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1 and 9013-l(m).

**Background**

4. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

5. The Debtors are on the forefront of processing post-consumer recycled polyethylene terephthalate ("rPET") plastic products and producing high-quality rPET and polyethylene terephthalate ("PET") beverage and food packaging products. As of the Petition Date, the Debtors operate three facilities at which they process PET bottles and flake into rPET

2

pellets, which are later incorporated into other products and packaging. The Debtors also operate PinnPack, which processes the rPET and PET into high-quality thermoformed tubs, bowls, domes, and clamshell packaging for food applications. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Brian Weiss in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]

## Relief Requested

6. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' forty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) granting related relief.

## Basis For Relief

### A. Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor

7. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[3]

**B. Authority to File a Consolidated Top 40 General Unsecured Creditor List in Lieu of Submitting a Separate Top 20 Creditor List for Each Debtor is Allowed Under the Bankruptcy Code**

8. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bank. P. 1007(d) (the "Top 20 List"). The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to Bankruptcy Code section 1102.

9. The Debtors request authority to file a single list of their forty largest general unsecured creditors on a consolidated basis (the "Top 40 List"). Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' forty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

---

[3] The Debtors submit that, if any of these chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

4

10. Accordingly, the Debtors submit that filing a consolidated list of their forty largest unsecured creditors is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

C. **Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors**

11. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

12. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases the home addresses of individuals—including the Debtors' former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4] The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S.

---

[4] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

5

DOCS_LA:336175.4 13044/001

Trustee, counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest. In addition, the Debtors will distribute to their former employees any notices that are received at the Debtors' corporate headquarters and are intended for a former employee.

13. Courts in this jurisdiction granted relief similar to the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re RTI Holding Company, LLC*, No. 20-12456 (JTD) (Bankr. D. Del. Oct. 8, 2020) (authorizing debtors to redact personally identifiable information, including home address information, in respect of the debtors' individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re 24 Hour Fitness Worldwide, Inc.*, Case No. 20-11558 (KBO) (Bankr. D. Del. June 15, 2020) (same and omit Members and Guests from the creditor matrix); *In re Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020) (authorizing the debtors to redact certain personally identifiable information for the Debtors' individual creditors and interest holders); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing debtors to redact personally identifiable information, including home address information, in respect of the debtors' individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix and the names and address information in respect of individuals protected by the GDPR); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (authorizing debtors to redact personally

identifiable information, including home address information, in respect of the debtors' individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); and *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees).

14. Recently, in addition to granting relief similar to the relief requested herein, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Clover*, while overruling the objection of the U.S Trustee to redaction relief, the same as that proposed herein, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'ing Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk,

7

as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings*, Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

15. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including home addresses—in respect of the Debtors' individual creditors who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## Notice

16. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties; (c) counsel to the DIP ABL Lender and Prepetition ABL Secured Parties (d) counsel to the TX/PA DIP Agents and Prepetition Trustees; (e) the Debtors' forty largest unsecured creditors on

8

a consolidated basis; and (f) all parties entitled to notice pursuant to Local Rule 9013-1(m)(iii). As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m)(iv). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' forty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: March 8, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ James E. O'Neill*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Gabriel I. Glazer (CA Bar No. 246384)<br>James E. O'Neill (DE Bar No. 4042)<br>Steven W. Golden (NY Bar No. 5374152)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899 (Courier 19801)<br>Tel: (302) 652-4100<br>Fax: (302) 652-4400<br>Email: rpachulski@pszjlaw.com<br>gglazer@pszjlaw.com<br>joneill@pszjlaw.com<br>sgolden@pszjlaw.com |
| | *Proposed Attorneys for Debtors and Debtors in Possession* |

9