# <u>EXHIBIT A</u>

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(B) DEPOSIT AND INVESTMENT REQUIREMENTS; (V) SCHEDULING A FINAL HEARING AND (VI) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in

possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of interim and

final orders under sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code

(the "Bankruptcy Code") authorizing: the (i) maintenance of existing Bank Accounts including

the authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued

use of the Debtors' existing Cash Management System, Bank Accounts, checks and related

forms for the Debtors; (iii) continued performance of Intercompany Transactions on the terms set

forth herein; (iv) a limited waiver under Bankruptcy Code section 345(b) to the extent necessary;

(v) according administrative expense status to postpetition Intercompany Claims; and (vi)

granting related relief; and upon the First Day Declaration; and it appearing that the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

requested is in the best interests of the Debtors' estates, their creditors and other parties in

interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

*Court for the  District of Delaware*, dated February 29, 2012; and it appearing that this matter is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and this Court having

found that this Court may enter a final order consistent with Article III of the United States

Constitution; and due and adequate notice of the Motion having been given under the

circumstances; and after due deliberation and cause appearing therefor; it is hereby ORDERED

THAT

> 1.      The Motion is GRANTED on an interim basis as set forth herein.

> 2.      The Debtors are authorized, but not directed, in the reasonable exercise of

their business judgment, (a) to designate, maintain and continue to use, with the same account

numbers, all of the bank accounts in existence on the Petition Date, including, without limitation,

those accounts identified on **Exhibit C** to the Motion (the "Bank Accounts"); (b) to treat the

Bank Accounts for purposes of the Cash Management System as debtors in possession accounts;

(c) to use all existing paper check stock and related forms without reference to the Debtors'

status as "debtors in possession" until such supply is depleted, after which the Debtors will order

new check stock, deposit slips and related forms with the "debtor in possession" reference; and

(d) to take a reasonable time to arrange for the labeling of "debtor in possession" on purchase

orders and invoices issued postpetition, as requested in the Motion.

3.      The banks set forth on **Exhibit C** to the Motion and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as a debtor in possession bank account without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, to the extent sufficient funds are on deposit in the applicable Bank Account to cover such payments.

4.      The Banks at which any Bank Account is or may be maintained are hereby authorized to rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

5.      Except as modified by this Interim Order or any Financing Orders, (i) those certain existing banking agreements between the Debtors and its Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) the Debtors may, without further order of this Court, implement non-material, reasonable changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, with notice to the United States Trustee and any statutory committee as provided for in

this Interim Order, which accounts shall similarly be subject to this Interim Order and the Final Order.

6.     In the course of providing cash management services to the Debtors, each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with such Banks prior to the Petition Date, which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date.

7.     No later than the close of business on the fifth (5th) business day following entry of this Interim Order, the Debtors shall make reasonable efforts to provide to the Banks, the DIP Agents, and the Prepetition Agents/Trustees a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks") and designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court. A Bank's reasonable reliance on the Prepetition Check List in connection with their honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Interim Order. Specifically, the Debtors agree (a) to send the Banks the list of all Prepetition Checks by at least check number and amount; (b) to circle or

highlight the Prepetition Checks on that list for which the Debtors have Court approval to pay and wants the Banks to honor; and (c) the Banks shall promptly honor each such circled or highlighted Prepetition Check after the later of (i) receipt of the Prepetition Checks List from the Debtors, and (ii) presentment to the Banks of any particular Prepetition Check highlighted or circled on the Prepetition Checks List.

8.      The Banks are authorized to accept and rely on all representations made by the Debtors with respect to whether any checks, drafts, wires, or ACH transfers or other payment order drawn or issued by the Debtors prior to, on, or subsequent to the Petition Date, should be honored or dishonored pursuant to this or any other order of this Court, without any duty to inquire otherwise.  Such Banks and financial institutions shall not have liability to any party as a result of their reliance on any representations of the Debtors as provided herein.

9.      The Debtors may continue to fund their businesses and operations through the Bank Accounts, subject to the terms of this Interim Order.

10.      The Debtors shall maintain detailed records reflecting all transfers of funds (including all Intercompany Transactions and Intercompany Claims) under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System and any Financing Orders.  In connection with the ongoing utilization of their Cash Management System, the prepetition debt documents (including the TX Prepetition Indenture and the PA Prepetition Indenture) the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions and Intercompany Claims) may be readily ascertained, traced and

recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions and between the different Debtor entities.

11.     The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts with the prior consent of the Prepetition Secured Parties and the DIP Agents; *provided, however*, that the Debtors shall give notice within fifteen (15) days to the United States Trustee and any statutory committee appointed in these chapter 11 cases; *provided, further,* that the Debtors shall open any such new Bank Account (a) at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an agreement; and (b) in accordance with the terms of any Financing Orders; *provided, further*, that any such new Bank Account shall be subject to the terms of this Interim Order and any Financing Orders.  Any new Bank Accounts are deemed to be "Bank Accounts" and are similarly subject to the rights, obligations, and relief granted in this Interim Order.

12.     Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee, within fifteen (15) days of the date of entry of this Interim Order the Debtors shall (a) contact each Bank; (b) provide the Bank with each of the Debtors' employer identification numbers; and (c) identify each of their Bank Accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

13.     The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition

practices, in accordance with the terms of any Financing Order entered by the Court, and this Interim Order.

14.    The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors on a postpetition basis, and to create Intercompany Claims on a postpetition basis.

15.    The Debtors are authorized to use the Cash Management System to honor post-petition Intercompany Transactions and may make intercompany offsets on account of such post-petition Intercompany Transactions.  Any outstanding post-petition Intercompany Claims shall enjoy administrative expense status against the applicable Debtor.  Nothing contained in this Interim Order authorizes the payment of expenses shared between a Debtor and a non-Debtor affiliate (as such term is defined in section 101(2) of the Bankruptcy Code); *provided*, for avoidance of doubt, that the Debtors are authorized to make payments under the Management Agreements (as such term is defined in the First Day Declaration).

16.    Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor makes the payments.

17.    The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has a Uniform Depository Agreement with the Office of the United States Trustee.

18.     Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be deemed an admission of the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

19.     Nothing contained in the Motion or this Interim Order shall be construed to (i) create, alter, or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date, or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

20.     Nothing in the Motion or this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order. Nothing contained in this Interim Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

21.     The final hearing (the "Final Hearing") to consider entry of an Order approving the Motion on a final basis ("Final Order") is scheduled for _____, 2021, at

_____ (prevailing Eastern time). The proposed Final Order shall be substantially in the form of **Exhibit B** to the Motion. If no objections to the relief sought in the Final Hearing are filed and served in accordance with this Interim Order, no Final Hearing may be held, and a separate Final Order may be presented by the Debtors and entered by this Court.

22.    Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court on or before 4:00 p.m. (prevailing Eastern Time), on _____, 2021, and shall be served on, (i) the Debtors, c/o of Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Brian Weiss (bweiss@force10partners.com); (ii) proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Jeffrey W. Dulberg (jdulberg@pszjlaw.com); (iii) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com) (iv) counsel to the DIP ABL

Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight, Esq. (knight@rlf.com); (v) counsel to the TX/PA DIP Agents and Prepetition Trustees, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Sarah Gryll (sarah.gryll@arnoldporter.com), Ginger Clements, Esq. (ginger.clements@arnoldporter.com) and Michael Messersmith, Esq. (michael.messersmith@arnoldporter.com); (vi) counsel to any statutory committee appointed in these cases; and (vii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon, Esq. (Joseph.McMahon@usdoj.gov) (collectively, the "Notice Parties").

23.    The Debtors shall cause a copy of this Interim Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the entry of this Interim Order.

24.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

25.    The Bank Accounts comply with the requirements imposed under section 345(b) of the Bankruptcy Code.  The requirements of Bankruptcy Code section 345(b) are deemed satisfied.

26.    The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

27.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.