### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No. 5** |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY AND/OR HONOR PREPETITION EMPLOYEE OBLIGATIONS AND PAY THIRD PARTY AND CONTRACT WORKERS; (II) REMIT WITHHOLDING OBLIGATIONS AND DEDUCTIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors

and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases

for the entry of an order (this "Interim Order"), pursuant to sections 105(a), 362, 363, 507(a), and

541 of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require,

the Debtors to (i) pay prepetition wages, salaries, employee benefits, other compensation, third

party, and independent contract workers; (ii) remit withholding obligations and deductions; (iii)

maintain employee compensation and benefits programs and pay related administrative

obligations; and (iv) authorize applicable banks and other financial institutions receive, process,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948).  The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter this Interim Order consistent with Article III of the United States Constitution; and it appearing that venue is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on April 8, 2021, at 1:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on April 1, 2021, and shall be served on: (i) the Debtors, c/o of Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Brian Weiss (bweiss@force10partners.com); (ii) proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden

2

(sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Jeffrey W. Dulberg (jdulberg@pszjlaw.com); (iii) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com) (iv) counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight, Esq. (knight@rlf.com); (v) counsel to the TX/PA DIP Agents and Prepetition Trustees, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Sarah Gryll (sarah.gryll@arnoldporter.com) and Ginger Clements, Esq. (ginger.clements@arnoldporter.com); (vi) counsel to any statutory committee appointed in these cases; and (vii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon, Esq. (Joseph.McMahon@usdoj.gov) (collectively, the "Notice Parties"). In the event no objections to entry of the Final Order on the

Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.     The Debtors are authorized, but not directed, to make payments to applicable third parties from the Withholding Obligations and in respect of the Employee Benefits Programs, and costs associated therewith, in accordance with the Debtors' ordinary course of business in the manner and to the extent such payments were made immediately prior to the Petition Date and stated policies, as set forth in the Motion.

4.     The Debtors are authorized, but not directed, to continue to maintain their Workers' Compensation Program in the ordinary course of business in the manner and to the extent that such Workers' Compensation Program was in effect immediately prior to the Petition Date.  The automatic stay, to the extent applicable, pursuant to section 362(d) of the Bankruptcy Code, is lifted without further order of this Court, to allow (a) Employees with workers' compensation claims to proceed with their claims, and (b) the administrators of the Workers' Compensation Program to administer, handle, defend, settle and/or pay a claim covered by the Workers' Compensation Program and the costs related thereto in accordance with such applicable policy (and the agreements related thereto); *provided ,however*, that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

5.     The Debtors are authorized to withhold, pay, and/or transmit any and all amounts attributable to the Deductions, including, but not limited to, paying withholding and payroll-related taxes and fees related to the Compensation and Benefits, social security taxes,

and Medicare taxes, as required by any Workforce-related plan, program, or policy, or as required by law, whether such amounts relate to the period before or after the Petition Date.

6.      In accordance with this Interim Order, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

7.      The Debtors are authorized to pay prepetition amounts on account of Compensation and Benefits, including all processing and administrative fees associated with payment of Compensation and Benefits, subject to the aggregate caps set forth in the chart below, *provided*, that no payments to or on behalf of any member of the Workforce will exceed the $13,650 cap provided under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

| Compensation or Benefits | Interim Amount |
|---|---|
| *Compensation and Withholding Obligations* | |
| Wages | $320,000 |
| PEO Payments | $312,000 |
| Processing Fees | $3,200 |
| Debtor/HPC Wages | $0 |
| Third Party Workforce Compensation | $0 |
| Independent Contractor Compensation | $70,000 |
| Withholding Obligations | $74,000 |
| Expense Reimbursements | $150,000 |
| Non-Insider Employee Bonus Programs | $5,000 |

| Compensation or Benefits | Interim Amount |
|---|---|
| *Benefits Programs* | |
| Health Insurance Programs | $744,000 |
| Life and AD&D Insurance Program | $28,700 |
| Workers' Compensation Program | $12,000 |
| Paid Leave | $730,000 |
| 401(k) Plan | $42,860 |
| Miscellaneous Benefits | $10,800 |
| **TOTALS** | **$2,502,560** |

8.    The Debtors are authorized to allow Employees to use accrued prepetition Paid Leave postpetition in the Debtors' discretion.  Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Leave except upon termination of an Employee and to the extent required by applicable law.

9.    The Debtors are authorized to continue to administer and provide their Employee Benefits Programs postpetition in the ordinary course of business in the manner and to the extent that such Employee Benefits Programs were in effect immediately prior to the Petition Date.  Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 503(c) of the Bankruptcy Code, including, without limitation, bonus obligations or severance obligations.

10.    Authorization to pay, and the payment of, any amounts on account of prepetition Compensation and Benefits shall not affect the Debtors' right to contest the amount or validity of any such prepetition obligation, including without limitation, any amounts that may be due to any taxing authority.

6

11.    Notwithstanding anything to the contrary in this Interim Order, the Debtors retain their right to modify or terminate any Compensation and Benefits program to the extent that such right exists under the terms of the Compensation and Benefits program or as may be authorized or required by applicable law; *provided, however,* that the Debtors shall seek court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

12.    Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance, limit, or change the status of any claim held by, any member of the Workforce, or other person.

13.    Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

14.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

15.    The stay under Bankruptcy Rule 6004(h) is waived.

16.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

17.    Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute the postpetition assumption or adoption of any contract, program, or policy pursuant to section 365

7

of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity

of claims.

18.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Interim Order.

**Dated: March 9th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

8