IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Joint Administration Requested) **Ref. Docket No. 7** |

### ORDER PURSUANT TO SECTIONS 105(a), 507(a)(8), AND 541(d) OF THE BANKRUPTCY CODE AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, FRANCHISE AND OTHER SIMILAR TAXES AND FEES

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code Authorizing the Payment of Prepetition Sales, Use, Franchise and Other Similar Taxes and Fees* (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (the "Debtors"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and that venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth therein was appropriate and that no other or further notice need by given; and the "first day" hearing on the Motion having been held before the Court; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent provided herein.

2. The Debtors are authorized to pay the Prepetition Tax Obligations entitled to priority under section 507(a)(8) of the Bankruptcy Code and due and owing as of the Petition Date, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtors deem necessary, in their sole discretion, in an amount not to exceed $60,000.00 without further order of this Court (the "Prepetition Tax Obligations Cap").

3. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Prepetition Tax Obligations approved herein, whether prior to or after commencement of these chapter 11 cases..

4. The Debtors are authorized (consistent with this Order) to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

5. Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.  Nothing contained herein or in the Motion shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent that it is not paid.

6. Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Order shall be immediately effective and enforceable.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion.  To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

9. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**Dated: March 9th, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:42316.7 13044/001