# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Ref. Docket No. 9** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO AND (B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE AND FINANCE INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), authorizing, but not directing, the Debtors to (i) continue prepetition practices related to the Policies and satisfy payment obligations related thereto; (ii) renew, amend, supplement, extend, or purchase and finance insurance coverage in the ordinary course of business; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that the relief requested herein is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

interest; and it appearing that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and it appearing that the requirements of Bankruptcy Rule 6003 have been satisfied; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on April 8, 2021, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion (the "Final Order") shall be filed on or before 4:00 p.m., prevailing Eastern Time, on April 1, 2021, and shall be served on: (i) the Debtors, c/o Force Ten Partners LLC, 20341 Southwest Birch Street, Suite 220, Newport Beach, CA 92660, Attn: Brian Weiss (bweiss@force10partners.com); (ii) proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Jeffrey W. Dulberg

(jdulberg@pszjlaw.com); (iii) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com), and Kara Hammond Coyle (kcoyle@ycst.com); (iv) counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight, Esq. (knight@rlf.com); (v) counsel to the TX/PA DIP Agents and Prepetition Trustees, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Sarah Gryll (sarah.gryll@arnoldporter.com) and Ginger Clements, Esq. (ginger.clements@arnoldporter.com); (vi) counsel to any statutory committee appointed in these cases; and (vii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon, Esq. (Joseph.McMahon@usdoj.gov) (collectively, the "Notice Parties").  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue the Policies and pay up to and not exceeding $105,151.52 to NIS on account of prepetition amounts due under the PFA (which amount shall be remitted to Cypress); *provided* that the Debtors are not authorized to pay any other prepetition amounts related to the Policies without further order of this Court after notice of a request to pay such amounts is given; *provided further*, that NIS is not permitted to deduct its fees or costs from any payments pursuant to this Order.  The Debtors are further authorized, but not directed, to continue to honor postpetition obligations related to the Policies and related financing agreements in the ordinary course of business and consistent with past practice and to pay any postpetition amounts due in connection therewith.

4. The Debtors are authorized, but not directed, in consultation with the DIP Agents and the Prepetition Agents/Trustees, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that the Debtors determine that such action is in the best interest of their estates; *provided* that each of the Debtors' insurance providers shall list the United States Trustee on the Debtors' respective policies as a notice party.

5. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) an

assumption or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.  Nothing contained in this Interim Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim held by any person or entity to whom any payment under the Policies may be owed.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute the postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: March 9th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**