**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CARBONLITE HOLDINGS LLC, *et al.*,<br><br>Debtors | Chapter 11<br><br>Case No. 21-10527 (JTD)<br><br>(Jointly Administered)<br><br>Petition Filed: March 8, 2021 |

**Hearing Date:  April 8, 2021 at 1:00 p.m.
Objection Deadline: April 1, 2021 at 4:00 p.m.**

**LIMITED OBJECTION OF CALIFORNIA DEPARTMENT OF RESOURCES RECYCLING AND RECOVERY TO DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (D) SCHEDULING THE AUCTION AND SALE HEARING; (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF; AND (II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, AND ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
[DOCKET NO. 112]**

California Department of Resources Recycling and Recovery (CalRecycle) files this Limited Objection to *Debtors' Motion for (I) an Order (a) Approving Bid Procedures for the Sale of Substantially all of the Debtors' Assets; (b) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (c) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (d) Scheduling the Auction and Sale Hearing; (e) Approving the Form and Manner of Notice Thereof; and (f) Granting Related Relief; and (II) an Order or Orders (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, Encumbrances, and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases* (the Motion).

Specifically, CalRecycle objects to those procedures proposed in the Motion (Sale Procedures) and any related order which would either require or prematurely authorize the sale of the Debtors' assets free and clear of any or all of CalRecycle's claims, liens, and encumbrances in connection with two outstanding secured loans that CalRecycle provided to Pinnpack Packaging, LLC (PinnPack).

## BACKGROUND

1. The Debtors filed the Motion, seeking, among other things, this Court's authority to sell substantially all of the Debtors' assets free and clear of claims, liens, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

2. CalRecycle administers a Recycling Market Development Zone Loan Program (RMDZ Loan Program), pursuant to which it makes low interest loans to California-based recycling businesses that prevent, reduce, or recycle recovered waste materials through value-added processing or manufacturing.

3. As further described below, CalRecycle entered into certain prepetition security agreements with PinnPack, pursuant to which CalRecycle provided two loans through the RMDZ Loan Program totaling the original principle amount of $3,000,000. PinnPack used the loan proceeds to purchase equipment and improve PinnPack's facility in Oxnard, California. CalRecycle has a purchase money security interest in the equipment and improvements, as well as in all accounts, general intangibles, and insurance claims relating to proceeds from the disposition of such equipment and improvements.

4. CalRecycle approved a loan application from PinnPack in the original principal amount of $2,000,000, and CalRecycle disbursed the funds in or around December 2017, loan number 2016-431 (2017 Loan). The parties entered into a Business Loan Agreement (2017 Agreement) and PinnPack executed a promissory note pursuant to which it promised to repay the principal amount of the 2017 Loan plus 4.0% interest (2017 Promissory Note). A copy of the 2017 Agreement and the 2017 Promissory Note are attached to the accompanying Declaration of Rachelle Bromberg (Bromberg Declaration) as part of Exhibit A. The purpose of the 2017 Loan

was to purchase equipment for the PinnPack facility. The parties entered into a Commercial Security Agreement and an Amended Commercial Security Agreement, which describe the collateral for the 2017 Loan. CalRecycle filed a UCC-1 financing statement and an amended UCC financing statement with the Delaware Department of State. A copy of the Security Agreements and UCC financing statements for the 2017 Loan are attached to the Bromberg Declaration as part of Exhibit A.

5. In 2019, CalRecycle approved another loan application from PinnPack, in the original principal amount of $1,000,000, and CalRecycle disbursed the funds in or around June 2020, loan number 2018-450 (2019 Loan). The parties entered into a Business Loan Agreement (2019 Agreement) and PinnPack executed a promissory note pursuant to which it promised to repay the principal amount of the 2019 Loan plus 4.0% interest (2019 Promissory Note). A copy of the 2019 Agreement and the 2019 Promissory Note are attached to the Bromberg Declaration as part of Exhibit B. The purpose of the 2019 Loan was to purchase equipment for and improve the PinnPack facility. The parties entered into a Commercial Security Agreement, which describes the collateral for the 2019 Loan. CalRecycle filed a UCC-1 financing statement with the Delaware Department of State. A copy of the Security Agreement and UCC financing statement for the 2019 Loan are attached to the Bromberg Declaration as part of Exhibit B.

6. CarbonLite Pinnpack LLC, CarbonLite Holdings LLC, and CarbonLite PI Holdings, LLC guaranteed both the 2017 Loan and the 2019 Loan. A copy of the Guarantees for the 2017 Loan and the 2019 Loan are attached to the Bromberg Declaration as part of Exhibit A and Exhibit B.

7. As of March 8, 2021, the date Debtors commenced their Chapter 11 bankruptcy proceeding, the Debtors owed CalRecycle approximately $2.6 million for the 2017 Loan and the 2019 Loan.

## APPLICABLE LAW

8. Bankruptcy Code section 363(f) provides that a sale of property may be free and clear of any interest in such property only if. . . "(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater that the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f). The debtor or trustee bears the burden of proving that one or more elements of section 363(f) have been satisfied. *See e.g., In re Revel AC, Inc.,* 802 F.3d 558, 564 (3d Cir. 2015) ("§ 363(f) places the burden squarely on [the Debtor's] shoulders").

9. Additionally, section 363(e) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. . . .

11 U.S.C. § 363(e).

## LIMITED OBJECTION

10. CalRecycle objects to the Motion and any proposed Sale Procedures or order which would require a sale of the Debtor's properties free and clear of CalRecycle's liens, claims, and encumbrances. The Motion proposes that the Debtors will demonstrate at the Sale Hearing that the Sale satisfies the requirements of section 363(f) but asks the Court to issue an order now authorizing the Debtors to sell their Assets free and clear of all liens, claims, encumbrances, and other interests. Docket. No. 112, Motion, pp. 28-29. By way of this limited objection, CalRecycle expressly does not consent under section 363(f)(2), to a sale of Debtors' property free and clear of its interests and objects to the issuance of a blanket order requiring assets to be sold free and clear, presupposing that section 363(f) will be satisfied.

11.     Debtors have elected to sell substantially all of their assets, including assets in which CalRecycle asserts a first priority purchase money security interest, through this section 363 Sale and have further proposed Sale Procedures that allow them to enter into either a Purchase Agreement or Purchase Agreements for one or more of the four facilities.  The Debtors have the burden of demonstrating that the sales qualify under section 363(f) and they have not met that burden.  Nothing in the Motion demonstrates that it is necessary or proper for this Court to issue an order requiring all property to be purchased free and clear of interests held by creditors.  The issuance of a blanket order authorizing the sale of all assets free and clear of all liens, claims, encumbrances, and other interests without demonstrating how the sales satisfy section 363(f) would deny CalRecycle notice of which provision or provisions of section 363(f), the Debtors claim that the proposed sales satisfy and an opportunity to respond.  Pursuant to this Limited Objection, CalRecycle requests that this Court deny that part of the Motion seeking any order "Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances."  Should Debtors contend that the Purchase Agreement or Purchase Agreements under consideration at the May 7, 2021 hearing qualify under section 363(f), CalRecycle requests that the Court require Debtors to make the showing at that hearing.

12.     In the event that the Court ultimately approves a sale, CalRecycle contends that assets in which it holds a first priority lien should be transferred subject to such lien.  A sale of substantially all assets creates value in excess of individual component assets, and CalRecycle is entitled to its share of that excess value.  *See, e.g.*, *In re Ardmor Vending Co. v. Kim (In re Kim)*, 130 F.3d 863, 865–66 (9th Cir. 1997).  The Debtors have not demonstrated how CalRecycle will receive the benefit of its collateral, let alone why a free and clear sale is justified as to CalRecycle's collateral.  Additionally, the Debtors must at a minimum demonstrate that CalRecycle's interest in its collateral is adequately protected.

13.     Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by CalRecycle of any of its rights under its agreements with PinnPack, the Bankruptcy Code, or applicable law.  CalRecycle expressly reserves all such rights including, without

limitation, the right to supplement and/or amend this filing and to assert additional objections to, among other things, the proposed sale of Debtors' assets free and clear of CalRecycle's liens.

**WHEREFORE,** CalRecycle respectfully requests that this Court enter an order: (i) sustaining this Limited Objection, and (ii) granting it such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: April 1, 2021                                             Respectfully submitted,

MATTHEW RODRIQUEZ
Acting Attorney General of California
RUSSELL B. HILDRETH
Supervising Deputy Attorney General
BRYANT B. CANNON
ANDREA M. KENDRICK
Deputy Attorneys General

*/s/ Andrea M. Kendrick*
Andrea M. Kendrick
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7821
Fax: (916) 327-2319
Email: Andrea.Kendrick@doj.ca.gov
*Attorneys for California Department of Resources Recycling and Recovery*

# CERTIFICATE OF SERVICE

**Case Name:**   *In re: Carbonlite Holdings LLC, et al.*

**Case No.**   U.S. Bankruptcy Court, District of Delaware No. 21-10527 (JTD)

I hereby certify that on April 1, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**1. LIMITED OBJECTION OF CALIFORNIA DEPARTMENT OF RESOURCES RECYCLING AND RECOVERY TO DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (D) SCHEDULING THE AUCTION AND SALE HEARING; (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF; AND (II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES [DOCKET NO. 112]**

**2. DECLARATION OF RACHELLE BROMBERG IN SUPPORT OF LIMITED OBJECTION OF CALIFORNIA DEPARTMENT OF RESOURCES RECYCLING AND RECOVERY TO DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (D) SCHEDULING THE AUCTION AND SALE HEARING; (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF; AND (II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES [DOCKET NO. 112]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system and as indicated upon the counsel below.

**BY EMAIL**

| | |
|---|---|
| James E. O'Neill, Esq.<br>Steven W. Golden, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>Email:   joneill@pszjlaw.com<br>            sgolden@pszjlaw.com | Gabriel I. Glazer, Esq<br>Pachulski Stang Ziehl & Jones LLP<br>Email: gglazer@pszjlaw.com |
| Robert S. Brady, Esq.<br>Edwin J. Harron, Esq.<br>Kara Hammond Coyle, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>Email: rbrady@ycst.com<br>            eharron@ycst.com<br>            kcoyle@ycst.com | Jeffrey E. Bjork, Esq.<br>James Ktsanes, Esq.<br>Andrew C. Ambruoso, Esq.<br>Latham & Watkins LLP<br>Email:  jbjork@lw.com<br>            james.ktsanes@lw.com<br>            andrew.ambruoso@lw.com |
| John Henry Knight, Esq.<br>Richards Layton & Finger, PA<br>Email: knight@rlf.com | Andrew M. Kramer, Esq.<br>David E. Morse, Esq.<br>Otterbourg, P.C.<br>Email: akramer@otterbourg.com<br>dmorse@otterbourg.com |
| Michael Messersmith, Esq.<br>Sarah Gryll, Esq.<br>Ginger Clements, Esq.<br>Arnold & Porter Kaye Scholer LLP<br>Email: michael.messersmith@arnoldporter.com<br>            sarah.gryll@arnoldporter.com<br>            ginger.clements@arnoldporter.com | David Stratton, Esq.<br>Troutman Pepper Hamilton Sanders LLP<br>Email: david.stratoon@troutman.com |
| Joseph McMahon., Esq.<br>Office of the United States Trustee<br>Email: joseph.mcmahon@usdoj.gov | Force Ten Partners, LLC<br>Attn: Brian Weiss<br>Email: bweiss@force10partners.com |
| Regina Stango Kelbon, Esq.<br>Stanley B. Tarr, Esq.<br>Jose F. Bibiloni, Esq<br>BLANK ROME LLP<br>Email:  Kelbon@BlankRome.com<br>            Tarr@BalnkRome.com<br>            JBibiloni@BlankRome.com | Erin N. Brady<br>David P. Simonds<br>Edward McNeilly<br>HOGAN LOVELLS US LLP<br>Email:  erinbrady@hoganlovells.com<br>            david.simonds@hoganlovells.com<br>            Edward.mcneilly@hoganlovells.com |
| Kevin J. Carey<br>HOGAN LOVELLS US LLP<br>kevin.carey@hoganlovells.com | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 1, 2021, at San Francisco, California.

|  |  |
|---|---|
| Pauline Santamaria | *Pauline Santamaria* |
| Declarant | Signature |

SA2021301411
42620934.docx