**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* <br><br> CARBONLITE HOLDINGS LLC, *et al.*,[1] <br><br> Debtors. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 21-10527 (JTD) <br> (Jointly Administered) <br><br> Re: D.I. 112 <br><br> Hearing Date: April 8, 2021 at 1:00 P.M. ET |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (D) SCHEDULING THE AUCTION AND SALE HEARING; (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF**

In support of his objection to the Debtors' motion for an order approving (a) bid procedures for the sale of substantially all of the Debtors' assets; (b) approving procedures for the assumption and assignment of executory contracts and unexpired leases; (c) approving certain bid protections in connection with the Debtors' entry into any potential stalking horse agreements; (d) scheduling the auction and sale hearing; (e) approving the form and manner of notice thereof; and (f) granting related relief (the "Motion") [D.I. 112], Andrew R. Vara, United States Trustee for Region Three ("U.S. Trustee"), through his counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

**INTRODUCTION**

1. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

3. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

**GROUNDS/BASIS FOR OBJECTION**

4. The Debtors should not be permitted to designate a "stalking horse" bidder and award bid protections "with the consent of the applicable Consent Parties and in consultation with any Committee" without prior notice of the identity of the proposed stalking horse purchaser, the finalized, execution version of the asset purchase agreement memorializing the purchaser's bid, and a hearing before this Court to consider allowance of any proposed bid protections (with the opportunity for parties in interest to object to same). Mot. ¶ 15, 21(b); Proposed Order ¶¶ 5-7.

5. Bid protections must be sought pursuant to, and analyzed under, section 503(b) of the Bankruptcy Code. *See Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010) ("[A] bidder must seek a break-up fee under 11 U.S.C. § 503(b)[.]") (citing *Calpine Corp. v. O'Brien Envt'l Energy (In re O'Brien Envt'l Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999)). Section 105(a) is not a basis to award an administrative expense. *See In re Women First Healthcare, Inc.*, 332 B.R. 115, 120-21 (Bankr. D. Del. 2005).

6. The analysis of bid protections under Section 503(b) "must be made in reference to general administrative expense jurisprudence. In other words, the allowability of bid protections, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *O'Brien*, 181 F.3d at 535; *see In re Energy Future Holdings Corp. ("EFH I")*, 904 F.3d 298, 313 (3d Cir. 2018) ("[T]ermination fees are subject to the same general standard used for all administrative expenses under 11 U.S.C. § 503[.]").

7. An administrative expense's benefit to the estate "must be *actual*, not hypothetical." *In re Energy Future Holdings Corp. ("EFH II")*, No. 19-3492, 2021 WL 957301 at *10 (3d Cir. Mar. 15, 2021) (emphasis in original) (citing *In re Continental Airlines, Inc.*, 146 B.R. 520, 526 (Bankr. D. Del. 1992)).

8. A break-up fee may provide a benefit to the estate where (1) assurance of the break-up fee promotes more competitive bidding, such as by inducing a bid that otherwise wouldn't have been made, (2) availability of the break-up fee induces a buyer to perform diligence and set a floor price. *See EFH I*, 904 F.3d at 313-14 (citing *O'Brien*, 181 F.3d at 537).

9. Even if a break-up fee would benefit the estate, the Court is not required to approve it. *See EFH I*, 904 F.3d at 313-14 ("We have never held that bankruptcy courts must allow fees

whenever they find that [a break-up fee confers a benefit on the estate.]"). The Court must determine, based on the totality of the circumstances of the case, "whether the proposed fee's potential benefits to the estate outweigh any potential harms, such that the fee is actually necessary to preserve the value of the estate." *Id.* (citing *O'Brien*, 181 F.3d at 535) (quotation marks omitted).

10. The party requesting bid protections has the burden of showing that the fee is actually necessary to preserve the value of the estate. *See O'Brien*, 181 F.3d at 535.

11. In *EFH II*, the United States Court of Appeals for the Third Circuit considered, in the context of a motion to dismiss based upon the sufficiency of the pleading, an administrative expense application submitted by an unsuccessful bidder. Initially, the unsuccessful bidder argued that the lower courts erred in measuring whether its bid had conferred a benefit using hindsight (as opposed to measuring the benefit at the time the bid was submitted). *See EFH II* at *12. The Third Circuit rejected that argument and concluded that, consistent with the well-established Bankruptcy Code policy of limiting administrative expenses, it was "entirely appropriate to consider" the asserted benefit "through the rearview mirror." *Id.*

12. The unsuccessful bidder in *EFH II* also asserted two potential benefits to the process: that it served as a stalking horse bidder, and that its unsuccessful efforts provided a "roadmap" for other viable bids that were later submitted, including the successful bid. *Id.* The Third Circuit rejected the argument that the unsuccessful bidder had stated a plausible argument for allowance of an administrative expense on a theory that its bid served as a catalyst for the submission of other bids, as it was the only bid at the time it was submitted. *Id.* While the bid did not technically establish a "floor" because the estates ultimately accepted a substantially lower offer after the unsuccessful bid fell through, the Third Circuit found that the argument that the bid

had provided a "roadmap" for other bids post-termination was a plausible argument in favor of benefit to the estate. *Id.* at *12-13. The Third Circuit remanded the matter in *EFH II* so that a sufficient record could be developed to enable the bankruptcy court to determine, in hindsight, the extent to which the unsuccessful bidder's participation had actually benefitted the estate more than it had harmed the estate. *Id.* at *15.

13. Here, a stalking horse has not yet been identified, so any benefit a stalking horse could provide to the Debtors' estates cannot be determined. Taking up bid protections (or the process for awarding them) on this record, before a bid is even in hand, is premature. At this point, the Court cannot predict whether a future bid or bids containing unknown terms submitted by an unidentified bidder will help elicit qualified bids. As a result, the Court does not have a basis to determine that bid protections will confer an "actual" benefit on the Debtors' estates that outweighs any potential harms. In paragraph C of the proposed bid procedures order, the Debtors propose a finding that bid protections "may" be necessary to induce a bid, but that is a hypothetical benefit of the kind the Third Circuit rejected in *EHF II*. Consistent with the Third Circuit's latest guidance, the Court should not consider bid protections until there is a sufficient evidentiary record on which to make the legal determinations outlined in *O'Brien* and subsequent Circuit cases.

14. In sum, the Debtors' request for authority to hand out bid protections should be denied because it undermines this Court's control of administrative expenses.

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Motion.

Dated: April 5, 2020
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
joseph.mcmahon@usdoj.gov