# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS FOR CARBONLITE P, LLC
## (CASE NO. 21-10531)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

CarbonLite Holdings, LLC, and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their Chief Restructuring Officer ("CRO"), prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Brian Weiss has signed each set of the Schedules and Statements. Mr. Weiss serves as the CRO of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Weiss has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals. Given the scale of the Debtors' business and complexity of their businesses covered by the Schedules and Statements, Mr. Weiss has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

The Debtors and their CRO, agents, and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their CRO, agents, and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1.  **Description of Cases**.  On March 8, 2021, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 9, 2021, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 64].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2.  **Global Notes Control**.  These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3.  **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a.  **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim

2

against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b.  **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.  **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d.  **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e.  **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

f.  **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have

3

not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g.  **Insiders**.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

4.  **Methodology**.

a.  **Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis except as noted on the applicable Schedules/Statements or herein.

b.  **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

c.  **Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect estimates of net book values as of the Petition Date.  Market values may vary materially, from net book values.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of all their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed).  Accordingly, the

4

Debtors reserve all rights to amend, supplement or adjust the asset values set forth herein.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.

d.  **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

e.  **Allocation of Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

f.  **Undetermined Amounts**.  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

g.  **Unliquidated Amounts**.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

h.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

i.  **Intercompany Claims**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  These claims are subject reconciliation and the amounts listed may be materially misstated and subject to material adjustment upon the conclusion of a reconciliation.

j.  **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.  Where guarantees have been identified, they have been included in the relevant Schedule G with respect to leases and Schedule H with respect to credit agreements for the affected Debtor or Debtors.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights to amend the Schedules and

5

Statements if additional guarantees are identified.

k.      **Excluded Assets and Liabilities**.  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred rent charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; and certain accrued liabilities including, but not limited to, employee benefits.  Other immaterial assets and liabilities may also have been excluded.

l.      **Liens**.  The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

m.     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

n.      **Setoffs**.  The Debtors incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, deposits received from customer, and amounts due from customers that may also be vendors.  These normal, ordinary course setoffs and nettings are due to the nature of the Debtors customer and supplier relationships.  Such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.     **Specific Schedules Disclosures**.

a.      **Schedule A/B, Parts 1 and 2 - Cash and Cash Equivalents; Deposits and Prepayments**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Interim and Final Orders Under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(b) Deposit and Investment Requirements and (V) Granting Related Relief* [Docket No. 6] (the "Cash Management Motion") and any orders of the Bankruptcy Court granting the Cash Management Motion.  As described therein, the Debtors utilize a centralized cash management system.

Additionally, the Bankruptcy Court, pursuant to the *Interim Order (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief* [Docket No. 69], has

authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

b.      **Schedule A/B, Part 3 – Accounts Receivable.**  Certain intercompany charges, although billed on bi-weekly or monthly basis may not have been paid by the respective entity when billed.  These amounts have been included in the Intercompany Accounts Receivable or Intercompany Accounts Payable.

c.      **Schedule A/B, Part 4 - Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

d.      **Schedule A/B, Part 7 - Office Furniture, Fixtures, and Equipment; and Collectibles**.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

e.      **Schedule A/B, Part 11 - All Other Assets**.  Dollar amounts are presented net of impairments and other adjustments.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, or refunds with their customers and suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

f.      **Schedule D - Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to the *Interim Order (I) Authorizing CA Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection Prepetition Secured Parties; (III) Modifying Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [Docket No. 74] (the "Interim CA Cash Collateral Order"), the *Interim Order (I) Authorizing CarbonLite Recycling LLC and CarbonLite Recycling Holdings LLC to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims, and (B) Adequate Protection to the Prepetition Secured Parties; (III) Authorizing the Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 90] (the "Interim TX Cash Collateral Order"), the *Interim Order (I) Authorizing CarbonLite P, LLC and CarbonLite P Holdings LLC*

7

*to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims, and (B) Adequate Protection to the Prepetition Secured Parties; (III) Authorizing the Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 91] (the "<u>Interim PA Cash Collateral Order</u>") or other stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

g.     **Schedule E/F - Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims*.  Pursuant to the *Order Authorizing the Payment of Prepetition Sales, Use and Franchise Taxes and Similar Taxes and Fees* [Docket No. 68] (the "<u>Taxes Order</u>"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities, employee compensation, and employee benefits that accrued prepetition.

Furthermore, pursuant to the *Interim Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Employee Obligations and Pay Third Party and Contract Workers; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 67], the Debtors received interim authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

8

***Part 2 - Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2 reflects liabilities based on each individual Debtors' books and records.  All of the known Schedule E/F, Part 2 liabilities as of the Petition Date are listed on Schedule E/F, Part 2.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors.  The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

h.    **Schedule G - Executory Contracts and Unexpired Leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, and letter agreements, which documents may not be set forth in Schedule G.

9

Certain of the agreements listed on Schedule G may have expired or terminated pursuant to their terms, but are listed on Schedule G in an abundance of caution.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in an individual Debtor's Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.  In addition, in some cases, an agreement may appear on the Schedule G of more than one Debtor, in which event each such Debtor is party to said agreement.

Certain agreements may, by their terms, have been made between one Debtor and a third-party counterparty but performed under in the ordinary course by a different Debtor.  In such case, the agreement is listed in the Schedule G of the Debtor that appears on the face of such agreement.  Omission of such agreement from the Schedule G of another Debtor does not constitute an admission that such Debtor does not have rights and/or obligations under such agreement or that the Debtor counterparty to such agreement is the Debtor on whose Schedule G such agreement is listed.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain agreements listed on Schedule G for PinnPack Packaging LLC ("PinnPack") have been redacted.  Each of these agreements are proprietary supply agreements that are central to the value of PinnPack's estate.  Accordingly, the Debtors have not included the names of the counterparties to such agreements.

**6.    Specific Statements Disclosures.**

a.    **Statements, Part 2, Question 6 - Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(p) of these Global Notes.

b.    **Statements, Part 2, Question 4 and Part 13, Question 30 - Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Questions 4 and 30 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

Certain of the Debtors' Insiders perform corporate services for some or all of the Debtors, whom receive their paychecks from CarbonLite Industries with proportionate shares of compensation reimbursed by the other Debtors.    The proportionate shares have been included in the Intercompany Accounts Receivable or Intercompany Accounts Payable elsewhere in the Schedules and are not reflected in Question 4.

Some of the Insiders also are employed by non-debtor HPC Industries, LLC ("HPC"), which is owned by Leon Farahnik, the Debtors' Chief Executive Officer. These employees render enterprise-wide services and HPC is then reimbursed proportionately by the Debtors.    These reimbursements are not reflected in Question 4. However, the proportionate shares have been included in the Intercompany Accounts Receivable or Intercompany Accounts Payable elsewhere in the Schedules.

11

**Fill in this information to identify the case:**

Debtor name: CarbonLite P, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10531

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2021 to 03/08/2021 | ☑ Operating a business<br>☐ Other | $73,505.67 |
| **For prior year:** | From 01/01/2020 to 12/31/2020 | ☑ Operating a business<br>☐ Other | $2,199,465.79 |
| **For the year before that:** | From 01/01/2019 to 12/31/2019 | ☑ Operating a business<br>☐ Other | $0.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2021 to 03/08/2021 | | $0.00 |
| **For prior year:** | From 01/01/2020 to 12/31/2020 | | $0.00 |
| **For the year before that:** | From 01/01/2019 to 12/31/2019 | | $0.00 |

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See SOFA 3 Attachment | | $1,184,469.43 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>See SOFA 4 Attachment<br><br>Relationship to debtor | | $12,324,487.03 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** _____ **Case number** _____ | _____ | Name _____ Street _____ City ____ State ____ Zip ____ | ☐ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address _____ Street _____ City ____ State ____ Zip ____ | Case title _____ Case number _____ Date of order or assignment _____ | Court name and address Name _____ Street _____ City ____ State ____ Zip ____ |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name _____ Street _____ City ____ State ____ Zip ____ Recipient's relationship to debtor _____ | _____ | _____ | _____ |

## Part 5:  Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

## Part 6:  Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1<br><br>Force Ten Partners, LLC<br>5271 California Suite 270<br>Irvine, CA 92617<br><br>**Email or website address**<br>https://www.force10partners.com/<br>**Who made the payment, if not debtor?** | | 3/4/2021 | $110,000.00 |
| 11.2<br><br>Pachulski Stang Ziehl & Jones<br>10100 Santa Monica Blvd 13th Floor<br>Los Angeles, CA 90067<br><br>**Email or website address**<br>https://www.pszjlaw.com/<br>**Who made the payment, if not debtor?** | | 3/4/2021 | $20,000.00 |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1<br><br>**Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property☐by sale, trade, or any other means☐made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1 | | | | |
| Street | | | From | to |
| City | State | Zip | | |

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street | | |
| City    State    Zip | **Location where patient records are maintained**(if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply:<br>☐ Electronically<br>☐ Paper |

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?
☐ No
☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| Carbonlite Industries, LLC 401 (k) Plan | 61-1733596 |

Has the plan been terminated?

☑ No

☐ Yes

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br>Name<br><br>Street<br><br>City    State    Zip | _____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other<br><br>_____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 <br><br>Name<br><br>Street<br><br>City    State    Zip | Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ Street _____ City ___ State ___ Zip ___ | Address _____ | _____ | ☐ No ☐ Yes |

**Part 11:  Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:  Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 Case Number _____ | Name _____ Street _____ City ___ State ___ Zip ___ | _____ | ☐ Pending ☐ On appeal ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City      State    Zip | City      State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City      State    Zip | City      State    Zip | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From               to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1<br>Gregg Milhaupt - CFO<br>875 Michigan Avenue<br>Riverside, CA 92507 | From<br>7/25/2013      to<br>Present |
| 26a.2<br>Kimball Smith - Controller<br>875 Michigan Avenue<br>Riverside, CA 92507 | From<br>2/5/2018       to<br>Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 RSM US LLP 515 Flower St 17th Floor Los Angeles, CA 90071 | From 2018 to Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Gregg Milhaupt 875 Michigan Avenue Riverside, CA 92507 | |
| 26c.2 Kimball Smith 875 Michigan Avenue Riverside, CA 92507 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1 Electronic Municipal Markets Access www.emma.msrb.org |
| 26d.2 Jefferies LLC 520 Madison Avenue New York, NY 10022 |
| 26d.3 Nestle Waters North America 900 Long Ridge Rd Stamford, CT 06902 |
| 26d.4 Niagara 2560 E Philadelphia St. Ontario, CA 91761 |

26d.5

Orion Energy Partners
292 Madison Avenue, Suite 2500
New York, NY 10118

26d.6

Pennsylvania Economic Development Financing Authority
400 North Street, 4th Floor
Harrisburg, PA 17120-0225

26d.7

Pepsi Co.
700 Anderson Hill Road
Purchase, NY 10577

26d.8

UMB
120 South Sixth Street, Suite 1400
Minneapolis, MN 55402

Debtor    CarbonLite P, LLC
           Name

Case number *(if known)* 21-10531

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Thomas Fronina | 1/31/2021 | $449,644.93, Cost |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|

27.1

Ashley Walsh
4030 Pottsville Pike
Reading, PA 19605

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Thomas Fronina | 2/28/2021 | $421,116.12, Cost |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|

27.2

Ashley Walsh
4030 Pottsville Pike
Reading, PA 19605

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 <br><br> Alex Delnik <br> 10250 Constellation Blvd. <br> Suite 2820 <br> Los Angeles, CA 90067 | Chief Operating Officer, Director | |
| 28.2 <br><br> Faramarz Yousefzadeh <br> 10250 Constellation Blvd. <br> Suite 2820 <br> Los Angeles, CA 90067 | Director | |
| 28.3 <br><br> Gregg Milhaupt <br> 10250 Constellation Blvd. <br> Suite 2820 <br> Los Angeles, CA 90067 | CFO/Secretary of the Board of Directors | |

Debtor    CarbonLite P, LLC
Name
Case number *(if known)* 21-10531

Case 21-10527-JTD    Doc 190    Filed 04/05/21    Page 24 of 31

28.4

Ira Maroofian
10250 Constellation Blvd.
Suite 2820
Los Angeles, CA 90067

President, Director

28.5

Kim Jeffery
10250 Constellation Blvd.
Suite 2820
Los Angeles, CA 90067

Director

28.6

Leon Farhnik
10250 Constellation Blvd.
Suite 2820
Los Angeles, CA 90067

Chief Executive Officer, Director

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|
| 29.1 <br><br> Ani Patwardhan <br> 10250 Constellation Blvd., Suite 2820 <br> Los Angeles, CA 90067 | COO | From <br> 7/15/2019 | to <br> 9/30/2020 |
| 29.2 <br><br> Bahram Nour-omid <br> 10250 Constellation Blvd., Suite 2820 <br> Los Angeles, CA 90067 | Board Member | From <br> 9/2020 | to <br> 2/2021 |
| 29.3 <br><br> Ben Shapiro <br> 10250 Constellation Blvd., Suite 2820 <br> Los Angeles, CA 90067 | Board Member | From <br> 3/2010 | to <br> 9/2020 |
| 29.4 <br><br> Ebrahim Simahee <br> 10250 Constellation Blvd., Suite 2820 <br> Los Angeles, CA 90067 | Board Member | From <br> 3/2010 | to <br> 3/2020 |
| 29.5 <br><br> Kamran Neman <br> 10250 Constellation Blvd., Suite 2820 <br> Los Angeles, CA 90067 | Board Member | From <br> 3/2010 | to <br> 3/2021 |

| 29.6 | | | |
|---|---|---|---|
| Matthew Shapiro
10250 Constellation Blvd., Suite 2820
Los Angeles, CA 90067 | Board Member | From
3/2020 | to
9/2020 |

| 29.7 | | | |
|---|---|---|---|
| Mohan Gyani
10250 Constellation Blvd., Suite 2820
Los Angeles, CA 90067 | Board Member | From
10/2020 | to
2/2021 |

| 29.8 | | | |
|---|---|---|---|
| Richard Zirkler
10250 Constellation Blvd., Suite 2820
Los Angeles, CA 90067 | Executive Vice President, Secretary of
the Board of Directors | From
3/5/2010 | to
1/31/2021 |

| 29.9 | | | |
|---|---|---|---|
| Thomas Schneider
10250 Constellation Blvd., Suite 2820
Los Angeles, CA 90067 | Board Member | From
3/2010 | to
10/2020 |

| 29.10 | | | |
|---|---|---|---|
| William Pearson
10250 Constellation Blvd., Suite 2820
Los Angeles, CA 90067 | Board Member | From
3/2020 | to
9/2020 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| See SOFA 4 | | | |
| **Relationship To Debtor** | | | |

**31.Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | |
| CarbonLite Holdings LLC | EIN    27-2067846 |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**

Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Address 1 | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| Accent Wire-Tie | 3122 Enterprise | Joplin | MO | 64801 | 3/1/2021 | $8,144.51 | Suppliers or vendors |
| **Total** | | | | | | **$8,144.51** | |
| | | | | | | | |
| Anchor Fire Protection Co., Inc. | 270 Renninger Road | Perkiomenville | PA | 18074 | 12/9/2020 | $50,000.00 | Suppliers or vendors |
| Anchor Fire Protection Co., Inc. | 270 Renninger Road | Perkiomenville | PA | 18074 | 2/18/2021 | $45,000.00 | Suppliers or vendors |
| **Total** | | | | | | **$95,000.00** | |
| | | | | | | | |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 12/28/2020 | $108,453.39 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 1/7/2021 | $113,107.69 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 1/15/2021 | $107,409.24 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 1/29/2021 | $1,187.13 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 1/29/2021 | $109,635.93 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 2/12/2021 | $115,882.84 | Payroll |
| BBSI Payroll | 8100 NE Parkway Drive Suite 200 | Vancouver | WA | 98662 | 2/26/2021 | $123,423.45 | Payroll |
| **Total** | | | | | | **$679,099.67** | |
| | | | | | | | |
| Berks61 Owner LLC | 4 Radnor Corporate Estate Group | Radnor | PA | 19087 | 12/8/2020 | $140,500.00 | Rent |
| Berks61 Owner LLC | 4 Radnor Corporate Estate Group | Radnor | PA | 19087 | 1/22/2021 | $60,000.00 | Rent |
| **Total** | | | | | | **$200,500.00** | |
| | | | | | | | |
| Data Technology Solutions, LLC | 9 North College Street | Myerstown | PA | 17067 | 1/15/2021 | $4,500.00 | Suppliers or vendors |
| Data Technology Solutions, LLC | 9 North College Street | Myerstown | PA | 17067 | 2/12/2021 | $4,500.00 | Suppliers or vendors |
| **Total** | | | | | | **$9,000.00** | |
| | | | | | | | |
| HunterLab | 11491 Sunset Hills Road | Reston | VA | 20190 | 12/8/2020 | $10,851.97 | Suppliers or vendors |
| **Total** | | | | | | **$10,851.97** | |
| | | | | | | | |
| KRE Security LLC | 11 South 3rd Street | Hamburg | PA | 19526 | 2/16/2021 | $12,991.45 | Suppliers or vendors |
| **Total** | | | | | | **$12,991.45** | |
| | | | | | | | |
| Lehigh University | 306 South New Street, Suite 451 | Bethlehem | PA | 18015 | 2/19/2021 | $16,666.66 | Suppliers or vendors |
| **Total** | | | | | | **$16,666.66** | |
| | | | | | | | |
| Liberty Environmental, Inc. | 505 Penn Street, Suite 400 | Reading | PA | 19601 | 12/16/2020 | $8,177.51 | Suppliers or vendors |
| **Total** | | | | | | **$8,177.51** | |
| | | | | | | | |
| Mark Metals | P.O. Box 15208 | Reading | PA | 19605 | 12/9/2020 | $4,225.00 | Suppliers or vendors |
| Mark Metals | P.O. Box 15208 | Reading | PA | 19605 | 1/7/2021 | $3,025.00 | Suppliers or vendors |
| **Total** | | | | | | **$7,250.00** | |
| | | | | | | | |
| Met Ed | PO Box 16001 | Reading | PA | 19612-6001 | 1/8/2021 | $19,305.00 | Suppliers or vendors |
| Met Ed | PO Box 16001 | Reading | PA | 19612-6001 | 2/12/2021 | $15,387.95 | Suppliers or vendors |
| **Total** | | | | | | **$34,692.95** | |
| | | | | | | | |
| Muhlenberg Township Authority | 2840 Kutztown Road | Reading | PA | 19605 | 1/8/2021 | $1,690.61 | Suppliers or vendors |
| Muhlenberg Township Authority | 2840 Kutztown Road | Reading | PA | 19605 | 2/12/2021 | $1,731.21 | Suppliers or vendors |
| Muhlenberg Township Authority | 2840 Kutztown Road | Reading | PA | 19605 | 2/12/2021 | $25,000.00 | Suppliers or vendors |
| **Total** | | | | | | **$28,421.82** | |
| | | | | | | | |
| Office Service Company | 1009 Tuckerton Court | Reading | PA | 19605 | 2/12/2021 | $34,820.83 | Suppliers or vendors |
| **Total** | | | | | | **$34,820.83** | |
| | | | | | | | |
| Security Signal Devices, Inc. (SSD, Inc.) | 1740 North Lemon Street | Anaheim | CA | 92801-1007 | 12/8/2020 | $0.02 | Suppliers or vendors |
| Security Signal Devices, Inc. (SSD, Inc.) | 1740 North Lemon Street | Anaheim | CA | 92801-1007 | 12/15/2020 | $0.20 | Suppliers or vendors |
| Security Signal Devices, Inc. (SSD, Inc.) | 1740 North Lemon Street | Anaheim | CA | 92801-1007 | 12/15/2020 | $6,859.33 | Suppliers or vendors |
| **Total** | | | | | | **$6,859.55** | |
| | | | | | | | |
| Spayds Greenhouse, Nursery & Floral | 3225 Pricetown Road | Fleetwood | PA | 19522 | 2/12/2021 | $10,330.00 | Suppliers or vendors |
| **Total** | | | | | | **$10,330.00** | |
| | | | | | | | |

In re: CarbonLite P, LLC
Case No. 21-10531

**SOFA 3 ATTACHMENT**

Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Address 1 | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| UGI Utilities | P.O. Box 15503 | Wilmington | DE | 19886-5503 | 1/15/2021 | $1,816.81 | Suppliers or vendors |
| UGI Utilities | P.O. Box 15503 | Wilmington | DE | 19886-5503 | 1/25/2021 | $2,237.08 | Suppliers or vendors |
| UGI Utilities | P.O. Box 15503 | Wilmington | DE | 19886-5503 | 2/12/2021 | $2,961.62 | Suppliers or vendors |
| **Total** | | | | | | **$7,015.51** | |
| | | | | | | | |
| Venezia | PO Box 909 | Royersford | PA | 19468 | 1/15/2021 | $14,647.00 | Suppliers or vendors |
| **Total** | | | | | | **$14,647.00** | |

In re: CarbonLite P, LLC
Case No. 21-10531

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | City | State | ZIP | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/22/2020 | $143,419.40 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/22/2020 | $119,496.98 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/30/2020 | $29,133.45 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/20/2020 | $28,057.72 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/1/2020 | $41,340.54 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 1/12/2021 | $5,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 1/19/2021 | $10,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 1/22/2021 | $38,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 2/22/2021 | $40,081.44 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 3/6/2020 | $225,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 3/6/2020 | $200,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/22/2020 | $181,580.60 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/22/2020 | $205,503.02 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/30/2020 | $570,866.55 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/2/2020 | $1,400,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/5/2020 | $330,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/7/2020 | $100,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/9/2020 | $700,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/14/2020 | $50,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/16/2020 | $100,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 10/20/2020 | $116,704.33 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 11/2/2020 | $615,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 11/2/2020 | $110,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 11/9/2020 | $260,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/1/2020 | $300,000.00 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/1/2020 | $158,659.46 | Intercompany |
| CarbonLITE Holdings | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/17/2020 | $1,000.00 | Intercompany |
| **Total** | | | | | | | **$6,078,843.49** | |
| | | | | | | | | |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/15/2020 | $156,879.04 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/15/2020 | $135,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/23/2020 | $100,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/25/2020 | $366,759.52 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/8/2020 | $139,388.99 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/8/2020 | $50,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/8/2020 | $30,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/15/2020 | $4,679.90 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/15/2020 | $2,325.87 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/15/2020 | $569.24 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/8/2020 | $400,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/8/2020 | $60,611.01 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/10/2020 | $100,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/10/2020 | $100,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 12/17/2020 | $50,000.00 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 9/25/2020 | $83,240.48 | Intercompany |
| CarbonLITE Industries LLC | 875 Michigan Avenue | Riverside | CA | 92507 | Co-Debtor | 1/7/2021 | $113,107.69 | Intercompany |
| **Total** | | | | | | | **$1,892,561.74** | |
| | | | | | | | | |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/1/2020 | $40,455.10 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 1/15/2021 | $47.96 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/1/2020 | $59,544.90 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/3/2020 | $60,000.00 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/8/2020 | $150,000.00 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/8/2020 | $100,000.00 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 12/8/2020 | $90,000.00 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 1/15/2021 | $25,000.00 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 1/15/2021 | $24,952.04 | Intercompany |
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 1/28/2021 | $1,000.00 | Intercompany |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | City | State | ZIP | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|
| CarbonLite Recycling LLC | 4685 Mountain Creek Pkwy | Dallas | TX | 75236 | Co-Debtor | 3/4/2021 | $670,000.00 | Intercompany |
| **Total** | | | | | | | **$1,221,000.00** | |
| | | | | | | | | |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 9/14/2020 | $1,000,000.00 | Repayment of personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 9/14/2020 | $22,777.78 | Interest payment from personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 9/14/2020 | $68,055.56 | Interest payment from personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 10/5/2020 | $750,000.00 | Repayment of personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 10/5/2020 | $18,000.00 | Interest payment from personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 11/3/2020 | $750,000.00 | Repayment of personal loan to Company |
| Emil Halimi | 5690 Rickenbacker Road | Bell | CA | 90201 | Shareholder | 11/3/2020 | $7,250.00 | Interest payment from personal loan to Company |
| **Total** | | | | | | | **$2,616,083.34** | |
| | | | | | | | | |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 4/1/2020 | $44,184.09 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 4/30/2020 | $41,153.26 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 6/1/2020 | $44,675.32 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 7/1/2020 | $42,767.42 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 7/31/2020 | $44,957.91 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 8/31/2020 | $43,223.32 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 9/30/2020 | $43,923.32 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 10/30/2020 | $44,412.28 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 12/1/2020 | $41,535.54 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 1/5/2021 | $41,112.00 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 2/1/2021 | $41,605.00 | Management fees and expense reimbursement |
| HPC Industries, LLC | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Management company owned by Leon Farahnik | 2/26/2021 | $41,605.00 | Management fees and expense reimbursement |
| **Total** | | | | | | | **$515,154.46** | |
| | | | | | | | | |
| Loaned Earth Recycling | 10250 Constellation Blvd., Suite 2820 | Los Angeles | CA | 90067 | Entity owned by Jason Farahnik | 9/10/2020 | $844.00 | Commission |
| **Total** | | | | | | | **$844.00** | |

**Fill in this information to identify the case:**

Debtor name: CarbonLite P, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 21-10531

☐ **Check if this is an amended filing**

---

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
04/05/2021

/s/ Brian Weiss                                                    Brian Weiss

Signature of individual signing on behalf of debtor                Printed name

Chief Restructuring Officer

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes