# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Ref. Docket No. 106** |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF REED SMITH LLP AS SPECIAL CORPORATE COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking authorization to retain and employ Reed Smith LLP ("Reed Smith") as special corporate counsel in these chapter 11 cases; and upon the Kupietzky Declaration and the Supplemental Declaration of Moshe J. Kupietzky in support of the Application [Docket No. 162] (together with the Kupietzky Declaration, the "Kupietzky Declarations"), in support of the Application; and upon the Weiss Declaration in support of the Application; and upon the Rule 2016 Statement that were submitted concurrently with the Application; and the Court being satisfied based on the representations made in the Application, the Kupietzky Declaration, the Weiss Declaration, and the Rule 2016 Statement that Reed Smith neither represents nor holds any interest adverse to the Debtors or to the estates with respect to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

the matters on which Reed Smith is to be employed, and that the employment of Reed Smith as special corporate counsel to the Debtors is necessary and in the best interests of the Debtors and their estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Reed Smith as special corporate counsel in these chapter 11 cases, effective as of the Petition Date, pursuant to the terms set forth in the Application as modified herein.

3. Notwithstanding anything contained in the Application to the contrary, the scope of services which Reed Smith is authorized to provide to the Debtors is limited to the following:

    a. Providing Delaware corporate law advice.

    b. Counseling the Debtors' Board, Board committees, and officers on various non-bankruptcy, ordinary course matters, including Debtors' transactions and agreements with third parties.

    c. Providing non-bankruptcy advice to the Debtors in connection with Debtors' sales of assets, including providing non-bankruptcy assistance to the Debtors (i) in

connection with agreements of sale, completing various schedules and ancillary agreements and (ii) with any required legal compliance (including Hart Scott Rodino) as may be required.

        d.      Documenting Board and Board committee meetings and preparing required governmental (non-bankruptcy related) filings.

        e.      Assisting with non-bankruptcy corporate and transactional matters that may arise in connection with the Debtors' bankruptcy cases, including any non-bankruptcy corporate law matters that may arise.

4. Reed Smith shall be compensated for legal services rendered to the Debtors and reasonable expenses incurred in connection therewith in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of this Court.

5. Reed Smith shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application and any final fee application to be filed by Reed Smith in these cases.

6. Notwithstanding anything in the Application or the Kupietzky Declarations to the contrary, Reed Smith shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

7. Notwithstanding anything in the Application or the Kupietzky Declarations to the contrary, Reed Smith shall, to the extent that Reed Smith uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries

3

(collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that Reed Smith pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Reed Smith's; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

8. Consistent with governing law, Reed Smith shall not receive payment from the Debtors' estates for any fees or costs arising from the defense of an objection to its fees or expenses in the above-captioned cases.

9. The Court shall retain jurisdiction over any disputes, if any, that may arise in connection with this Order.

**Dated: April 7th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_LA:336250.8