IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No. 108** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter this Order consistent with Article III of the United States Constitution; and it appearing that venue is proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish good and just cause

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these chapter 11 cases retained by the Debtors or any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

      (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq. (joneill@pszjlaw.com); and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Attn: Jeffrey W. Dulberg, Esq. (jdulberg@pszjlaw.com);

      (2) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street,

        Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com);

    (3)  counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer, Esq. (akramer@otterbourg.com) and David E. Morse, Esq. (dmorse@otterbourg.com);

    (4)  counsel to the TX/PA DIP Agents and Prepetition Trustees, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Michael Messersmith, Esq. (michael.messersmith@arnoldporter.com); Sarah Gryll, Esq. (sarah.gryll@arnoldporter.com); and Ginger Clements, Esq. (ginger.clements@arnoldporter.com);

    (5)  the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon (joseph.mcmahon@usdoj.gov);

    (6)  counsel to the Official Committee of Unsecured Creditors, (a) Hogan Lovells US LLP, 1999 Avenue of the Stars, Los Angeles, CA 90275, Attn: David P. Simonds (david.simonds@hoganlovells.com), Erin N. Brady (erin.brady@hoganlovells.com), and Edward McNeilly (edward.mcneilly@hoganlovells.com) and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr (tarr@blankrome.com); and

    (7)  counsel to any fee examiner appointed in these cases.

b.    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any compensation earned or expenses incurred for the prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

c.    Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties.

          A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

d.     Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "<u>CNO</u>"). After a CNO is filed, if no Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>"). If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection (the "<u>Reduced Monthly Payment</u>").

e.     If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "<u>Incremental Resolution Payment</u>"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.     At three-month intervals (the "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The

       Interim Fee Application must include a brief description identifying the following:

          (1)  the Monthly Fee Applications that are the subject of the request;

          (2)  the amount of fees and expenses requested;

          (3)  the amount of fees and expenses paid to date or subject to an Objection;

          (4)  the deadline for parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application; and

          (5)  any other information requested by the Court or required by the Local Rules.

    g.  Objections, if any, to the Interim Fee Applications shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

          (1)  The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every three months.  The Debtors, however, may request that a hearing be held at such other intervals as the Court deems appropriate.  If no Objections are pending and no parties file timely objections to the Interim Fee Applications, the Court may grant an Interim Fee Application without a hearing.

          (2)  The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month.  Thus, as applicable to these chapter 11 cases, the first Interim Fee Period will cover the Petition Date through May 31, 2021.  Each Professional must file and serve its first Interim Fee Application on or before the 45th day following the end of the first Interim Fee Period.  Accordingly, the first Interim Fee Applications must be filed on or before July 15, 2021.

          (3)  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.  Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or

    permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application, as applicable, is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

  (4) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

  3. Each member of any Committee is permitted to submit statements of out-of-pocket expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) with supporting vouchers to Committee counsel, and Committee counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the practice of this Court

  4. Approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the practice of this Court.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

6. In each Interim Fee Application and Final Fee Application, all attorneys (collectively, the "<u>Attorneys</u>") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code, unless such Attorney is an ordinary course professional (collectively, the "<u>OCPs</u>") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, and (b) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>U.S. Trustee Guidelines</u>").

7. All Professionals proposed to be compensated, in whole or in part, on an hourly basis shall maintain separate time entries with respect to tasks performed, and expenses incurred, with respect to each of: (i) the CA Debtors; (ii) the TX Debtors; (iii) the PA Debtors; and (iv) all Debtors (the "<u>Compensation Allocation</u>"). Each Monthly Fee Application, Interim Fee Application, and Final Fee Application shall include a breakdown of fees and expenses consistent

with the Compensation Allocation. Notwithstanding the Compensation Allocation performed by a Professional in any Monthly Fee Application, Interim Fee Application, or Final Fee Application, as applicable, all rights of the Notice Parties to object to or challenge the Compensation Allocation performed by a particular Professional among the four allocation categories are reserved, *provided that*, services properly allocated to the "all Debtors" category shall be ratably assigned by each Professional, for purposes of the source of compensation, to (i) the CA Debtors, (ii) the TX Debtors and (iii) the PA Debtors, in an amount that corresponds to the ratio of such Professional's budgeted carve-out by silo (*i.e.,* CA Debtors, TX Debtors, or PA Debtors), to its aggregate budgeted carve-out for all silos (as such budgeted carve-out amounts may be amended from time to time).

8. Consistent with governing law, each Professional shall not receive payment from the Debtors' estates for any fees or costs arising from the defense of an objection to its fees or expenses in the above-captioned cases.

9. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

11. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, or otherwise, this Order shall be immediately effective and enforceable upon entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: April 7th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**