IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. 8** |

**FINAL ORDER (A) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at hearings before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1. Subject to the Adequate Assurance Procedures, the Motion is granted on a final basis as set forth herein.

1. The Debtors shall cause a copy of the Motion and this Final Order to be served on each Utility Company listed on the Utility Services List no later than two (2) business days after the date this Final Order is entered.

2. The Debtors are authorized to cause the Adequate Assurance Deposits to be held in segregated accounts during the pendency of these chapter 11 cases.

3. The Adequate Assurance Deposits, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

5. The following adequate assurance procedures (the "<u>Adequate Assurance Procedures</u>") are hereby approved:

    a. Any Utility Company that objects to the Debtors' Proposed Adequate Assurance must either file an objection to the Motion with this Court or, alternatively, serve the Adequate Assurance Request on: (i) the Debtors, c/o Force Ten Partners LLC, 5271 California Avenue, Suite 270, Irvine, CA 92617, Attn: Brian Weiss (bweiss@force10partners.com); (ii) proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Jeffrey W. Dulberg (jdulberg@pszjlaw.com); (iii) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt &

Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com); (iv) counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight, Esq. (knight@rlf.com); (v) counsel to the TX/PA DIP Agents and Prepetition Trustees, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Michael Messersmith (michael.messersmith@arnoldporter.com), Sarah Gryll (sarah.gryll@arnoldporter.com), and Ginger Clements (ginger.clements@arnoldporter.com); (vi) counsel to the Official Committee of Unsecured Creditors, (a) Hogan Lovells US LLP, 1999 Avenue of the Stars, Los Angeles, CA 90275, Attn: David P. Simonds (david.simonds@hoganlovells.com), Erin N. Brady (erin.brady@hoganlovells.com), and Edward McNeilly (edward.mcneilly@hoganlovells.com) and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr (tarr@blankrome.com); and (vii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon, Esq. (Joseph.McMahon@usdoj.gov) (collectively, the "Notice Parties").

        b.     Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits or other

security already provided by the Debtors; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

        c.        The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in their sole discretion, to provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

        d.        If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within fourteen (14) days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court (the "Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

        e.        Subject to the procedures described in this Final Order and the rights of the Utility Companies to seek modification of the amount of one/more of the Adequate Assurance Deposits pursuant to section 366(c)(3) of the Bankruptcy Code, the Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

     f. All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall, subject to their rights to seek modification of one/more of the Adequate Assurance Deposits pursuant to section 366(c)(3) of the Bankruptcy Code, be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

    6. The Debtors may add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the applicable Adequate Assurance Deposit an amount equal to one-half of the Debtors' average monthly cost for each subsequently-added or removed Utility Company as soon as practicable.  For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company as soon as reasonably practicable under the circumstances.  Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

    7. The Debtors may amend the Utility Services List to delete a Utility Company, or may seek to terminate a Utility Company, only if the Debtors have provided fourteen days' advance notice to such Utility Company, and have not received an objection from such Utility Company.  If an objection is received by a Utility Company with respect thereto, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date as the Debtors and the Utility Company may agree.  The Debtors shall not deduct from the

applicable Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Services List unless and until the fourteen days' notice period has passed and the Debtors have not received any objection from the Utility Company to the termination or deletion, or until such an objection has been resolved consensually or by the Court.

8. Any deposit provided to a Utility Provider by the Debtors prior to the Petition Date must be returned to the Debtors within twenty-one days of receiving a notice that the services provided to the Debtors by such Utility Provider will no longer be needed; provided that the foregoing does not limit or prejudice the Utility Provider's right to apply such deposit to an outstanding pre-petition balance due and owing prior to the expiration of the twenty-one (21) day period.

9. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

10. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

11. The Debtors are authorized, but not directed, to pay on a timely basis in accordance with past practice, all undisputed invoices with respect to postpetition Utility Services rendered to the Debtors. The Utility Companies are hereby prohibited from unilaterally applying

any such postpetition payments to any amounts due on account of prepetition Utility Services, including, with any limitation, any penalties or interest.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' or any party in interests' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: April 8th, 2021**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_LA:335346.12 13044/001