**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On March 18, 2021, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking entry of (i) an order (the "Bid Procedures Order") (a) approving bid procedures for the sale or sales (a "Sale") of any or substantially all of the Debtors' assets (collectively, the "Assets"), (b) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Potential Assumed/Assigned Contracts"),[2] and the assignment of designated Potential Assumed/Assigned Contracts in connection with a Sale(s) (the "Transferred Contracts"), (c) scheduling the Auction and Sale Hearing,[3] and (d) granting related relief (clauses (a) through (d), collectively, the "Bid Procedures Relief"), and (ii) an order (the "Sale Order") (a) authorizing the Sale(s) of the Assets free and clear of all liens, claims, interests, and other encumbrances (collectively, "Encumbrances"), other than assumed liabilities, to the Successful Bidder(s) submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the Transferred Contracts, and (c) granting certain related relief.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] For avoidance of doubt, the Debtors reserve all rights concerning the characterization of the Potential Assumed/Assigned Contracts in all respects. Inclusion on the Potential Assumed/Assigned Contract and Cure Schedule does not constitute an admission that any particular Potential Assumed/Assigned Contract is an executory contract or unexpired lease, or confirm that the Debtors are required to assume and/or assign such contract or lease pursuant to section 365 of the Bankruptcy Code.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to it in the Bid Procedures and Bid Procedures Order, as applicable.

On April 9, 2021, the Bankruptcy Court entered the Bid Procedures Order [Docket No. 266], thereby approving the Bid Procedures Relief.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A PARTY TO ONE OR MORE OF THE CONTRACTS OR LEASES REFERRED TO HEREIN.**

**POTENTIAL ASSUMED/ASSIGNED CONTRACTS[4]**

Attached as Schedule A is a schedule of all Potential Assumed/Assigned Contracts that may be assumed and assigned to the Successful Bidder(s), listing the counterparties to such contracts (the "Contract Counterparties") and the amount, if any, proposed to be paid to cure any monetary defaults under the Potential Assumed/Assigned Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts").[5] The Successful Bidder(s) reserves the right to revise these schedules in accordance with its Purchase Agreement(s) and the Bid Procedures up until three (3) days prior to the closing of the applicable Sale Transaction(s) (the "Closing").

To the extent that any Transferred Contract is determined by an order of the Bankruptcy Court, or as agreed to between the Debtors and the applicable Contract Counterparty, not to be an executory contract or unexpired lease under and for purposes of section 365 of the Bankruptcy Code, the Debtors shall instead sell, assign, and transfer to the Successful Bidder(s) all of the Debtors' right, title, and interest in, to and under such Transferred Contracts pursuant to section 363 of the Bankruptcy Code. Prior to any such sale and transfer of a Transferred Contract, the Successful Bidder shall cure any monetary defaults or pay other amounts due under such Transferred Contract which are capable of being cured or paid as if such Transferred Contract had been subject to section 365 of the Bankruptcy Code.

IF YOU AGREE WITH THE ASSUMPTION AND ASSIGNMENT OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.

IF YOU DISAGREE WITH THE ASSUMPTION AND ASSIGNMENT OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR THE PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), YOU MUST OBJECT TO THE PROPOSED CURE

---

[4] The presence of any contract or lease on Exhibit A hereto does not constitute an admission that such contract or lease is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that such contract or lease will be assumed and/or assigned by the Debtors.

[5] For avoidance of doubt, the Debtors reserve all rights to remove any executory contract or unexpired lease from the Potential Assumed/Assigned Contract and Cure Schedule prior to Closing of any Sale(s), in which instance such executory contract or unexpired lease will not be a Transferred Contract.

AMOUNTS NO LATER THAN **APRIL 30, 2021 AT 4:00 P.M. (EASTERN TIME)** (the "Cure/Assignment Objection Deadline").

Objections to a proposed Cure Amount with respect to any Potential Assumed/Assigned Contracts (a "Cure Objection") must be: (i) made in writing and filed on the docket for the chapter 11 cases no later than the Cure/Assignment Objection Deadline; (ii) state the basis of such Cure Objection with specificity, including, without limitation, the Cure Amount alleged to be due to such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the following, so as to be actually received by them on or before the Cure/Assignment Objection Deadline (collectively, the "Notice Parties"):

i. the Debtors, c/o Force Ten Partners LLC, 5271 California Avenue, Suite 270, Irvine, CA 92617, Attn: Brian Weiss (bweiss@force10partners.com);

ii. proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Gabriel I. Glazer (gglazer@pszjlaw.com);

iii. counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com);

iv. counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight (knight@rlf.com);

v. counsel to the TX/PA DIP Agents and Prepetition Trustees, (a) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Michael Messersmith (michael.messersmith@arnoldporter.com), Sarah Gryll (sarah.gryll@arnoldporter.com), and Ginger Clements, (ginger.clements@arnoldporter.com) and (b) Troutman Pepper Hamilton Sanders LLP, 1313 N. Market Street, Suite 5100, Wilmington, DE 19801, Attn: David Stratton (david.stratton@troutman.com);

3

vi.   counsel to the Official Committee of Unsecured Creditors, (a) Hogan Lovells US LLP, 1999 Avenue of the Stars, Los Angeles, CA 90275, Attn: David P. Simonds (david.simonds@hoganlovells.com), Erin N. Brady (erin.brady@hoganlovells.com), and Edward McNeilly (edward.mcneilly@hoganlovells.com) and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr (tarr@blankrome.com); and

vii.  the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon (Joseph.McMahon@usdoj.gov).

Any other objections to the assumption and assignment of any of the Potential Assumed/Assigned Contracts (an "Assignment Objection") (other than on the basis of either the Cure Amount or adequate assurance of future performance of a Successful Bidder other than the Stalking Horse Bidder, but including any objection to a Stalking Horse Bidder's adequate assurance of future performance) must: (i) be made in writing and filed on the docket for the chapter 11 cases no later than **April 30, 2021 at 4:00 p.m. (Eastern Time)** (*i.e.* the Cure/Assignment Objection Deadline); (ii) state the basis of such Assignment Objection with specificity and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the Notice Parties so as to be actually received by such parties on or before the Cure/Assignment Objection Deadline.

If you file a Cure Objection or Assignment Objection satisfying the requirements herein, the Debtors and the Successful Bidder(s), as applicable, will confer with you in good faith to attempt to resolve any such Cure Objection or Assignment Objection without Bankruptcy Court intervention. If the applicable parties determine that the Cure Objection or Assignment Objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall resolve such objections at the Sale Hearing or such other date designated by the Bankruptcy Court.

If the Debtors, Successful Bidder(s), or Backup Bidder(s), in accordance with the Bid Procedures, identify Additional Contract that they wish to add to or Removed Contract that they wish to remove from the Potential Assumed/Assigned Contract and Cure Schedule, the Debtors shall, within two calendar days of the Debtors', Successful Bidder's, or Backup Bidder's making such a determination, send an Additional Assumption and Assignment Notice to the applicable Contract Counterparties to such Additional Notice Contracts. To the extent an executory contract or unexpired lease is not assumed and assigned to the Successful Bidder, the Debtors may, in their sole discretion, reject such an unassigned executory contract or unexpired lease to the extent permitted by law following the Closing. In no event will the Successful Bidder be responsible for any unassigned executory contracts or unexpired leases.

Objections from any Contract Counterparty to an Additional Notice Contract (an "Additional Potential Assignment Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Cure/Assignment Objection Deadline and (b) seven (7) calendar days after the Debtors file and serve the Additional Assumption and Assignment Notice (as

applicable, the "Additional Potential Assignment Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Notice Parties so as to be actually received by them on or before the Additional Potential Assignment Objection Deadline.

If a timely Additional Potential Assignment Objection is filed, and cannot be resolved consensually, the Bankruptcy Court shall resolve such Additional Potential Assignment Objection at a hearing to be held (i) on or before seven (7) calendar days from the timely filing of the Additional Potential Assignment Objection; (ii) at the Cure/Assignment Hearing; or (iii) such other date designated by the Bankruptcy Court. If such Additional Notice Contract is a Transferred Contract, unless the Bankruptcy Court orders otherwise, contemporaneously with the resolution of any such objection, the Additional Notice Contract underlying such objection shall be deemed to have been assumed and assigned, or assigned, as the case may be, to the Successful Bidder or the Backup Bidder, as the case may be, without the necessity of obtaining any further order of the Bankruptcy Court.

**IF YOU FAIL TO TIMELY FILE AND PROPERLY SERVE A CURE OBJECTION, ASSIGNMENT OBJECTION, OR ADDITIONAL POTENTIAL ASSIGNMENT OBJECTION AS PROVIDED HEREIN (I) YOU WILL BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO ASSERT A CURE OBJECTION, ASSIGNMENT OBJECTION, OR ADDITIONAL POTENTIAL ASSIGNMENT OBJECTION, AS APPLICABLE, AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT OR ADDITIONAL POTENTIAL ASSUMED/ASSIGNED CONTRACT, AS APPLICABLE, ON THE TERMS SET FORTH IN THIS ASSIGNMENT NOTICE AND THE PURCHASE AGREEMENT(S) TO BE ENTERED INTO WITH THE SUCCESSFUL BIDDER(S), (II) YOU WILL HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF, OR SALE AND TRANSFER OF, THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, ITS TRANSFERRED CONTRACT, AS THE CASE MAY BE, WITHOUT THE NECESSITY OF OBTAINING ANY FURTHER ORDER OF THE BANKRUPTCY COURT, AND (III) YOU WILL BE BARRED AND ESTOPPED FOREVER FROM ASSERTING OR CLAIMING AGAINST THE DEBTORS, THE SUCCESSFUL BIDDER(S), OR THE BACKUP BIDDER(S) THAT ANY ADDITIONAL CURE AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, MUST BE SATISFIED, UNDER SUCH TRANSFERRED CONTRACT.**

The Debtors' assumption and assignment, or sale and transfer, of a Transferred Contract is subject to approval by the Bankruptcy Court, and consummation of the closing of the Sale(s). If there is no closing, the Transferred Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

5

The inclusion of any document on the list of Potential Assumed/Assigned Contracts or Transferred Contracts shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder(s) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

Any Cure Objection, Assignment Objection, or Additional Potential Assignment Objection shall not constitute an objection to any of the other relief requested in the Sale Motion to be approved by the Sale Order (*e.g.*, the sale of the Assets by the Debtors to the Successful Bidder(s) free and clear of all Encumbrances other than assumed liabilities).  Parties wishing to object to the other relief requested in the Motion (excluding the Bid Procedures) must timely file and serve a separate objection, stating with particularity such party's grounds for objection, in accordance with the objection procedures approved and set forth in the Bid Procedures Order.

The dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas and/or in accordance with the Bid Procedures Order.  Parties in interest are encouraged to monitor the electronic court docket available at https://cases.stretto.com/carbonlite/.

This notice is subject to the full terms and conditions of the Bid Procedures and Bid Procedures Order, which shall control in the event of any conflict.  The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

## **OBTAINING ADDITIONAL INFORMATION**

Copies of the Bid Procedures Motion, the Bid Procedures, the Bid Procedures Order, and all other documents filed with the Court are available free of charge on the Debtors' case information website, located at https://cases.stretto.com/carbonlite/.

Adequate assurance of future performance information, whether for the Stalking Horse Bidder or any Successful Bidder, is available by contacting counsel to the Debtors at Pachulski Stang Ziehl & Jones LLP, Attn: Steven W. Golden (sgolden@pszjlaw.com) and Benjamin Wallen (bwallen@pszjlaw.com).

| | |
|---|---|
| Dated: April 9, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (CA Bar No. 90073) |
| | Gabriel I. Glazer (CA Bar No. 246384) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Steven W. Golden (NY Bar No. 5374152) |
| | 919 N. Market Street, 17th Floor P.O. Box 8705 |

                                          Wilmington, DE 19899 (Courier 19801)
                                          Tel:  (302) 652-4100
                                          Fax: (302) 652-4400
                                          Email: rpachulski@pszjlaw.com
                                          gglazer@pszjlaw.com
                                           joneill@pszjlaw.com
                                           sgolden@pszjlaw.com

                                          Attorneys for Debtors and Debtors in Possession

DOCS_DE:233783.3 13044/001