IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) Case No. 21-10527 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

STATE OF CALIFORNIA  )
                     ) ss:
COUNTY OF ORANGE     )

I, Jason R. Swartz, hereby declare, under penalty of perjury, as follows, pursuant to the provisions of 28 U.S.C. § 1746:

1. I am a partner of Knobbe, Martens, Olson & Bear, LLP (the "Firm"), which maintains offices at 2040 Main Street, 14th Floor, Irvine, CA 92614.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated April 7, 2021 (the "Ordinary Course Professionals Order"), authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Cases").

3. The Firm, through me, and members of the Firm, have represented and advised Debtor Pinnpack Packaging, LLC ("Pinnpack") as outside intellectual property counsel

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling, LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

DOCS_DE:233851.1 13044/001

with respect to certain intellectual property issues, including patent and trademark issues, since August 2016.

4. Debtor Pinnpack has requested, and the Firm has agreed, to continue to provide services to Debtor Pinnpack pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, Debtor Pinnpack has requested, and the Firm proposes to render, the following services to Debtor Pinnpack: patent, trademark and other intellectual property matters.

5. The Firm's current customary hourly rates, subject to change from time to time, range from $300 for paralegals to $925 for senior partners. My current hourly rate is $665. In the normal course of business, the Firm revises its regular hourly rates on January 1 of each year and requests that, effective as of January 1 of each year, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time.

6. On April 13, 2021, the Firm received from Pachulski Stang Ziehl & Jones LLP a list of potential parties of interest in the Cases. While we have reviewed such list and confirmed that we represent or have represented some of the parties listed (including, without limitation, Debtor Pinnpack), the Firm has never counseled any of such parties as to Debtors or the Cases, and would not do so as the Firm does not practice in the area of bankruptcy law or creditors rights.

7. To the best of my knowledge, neither I, the Firm, nor any employee thereof (i) has any connection with the Debtors, other than the Firm's representation of Debtor Pinnpack prior to the Petition Date (as such term is defined below), or (ii) currently represents (or previously

represented) any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the Debtors or the matters upon which it is to be engaged pursuant to this Declaration. Additionally, the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters for which the Firm is to be employed.

8. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their estates with respect to the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent Debtor Pinnpack in the ordinary course.

9. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with the Debtors or these pending Cases and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or their estates.

10. In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $6,634.18 on account of such prepetition services. If the Firm is a law firm, the allowance and payment of the claim is subject to the Bankruptcy Code and applicable orders of

the Court. If the Firm is not a law firm, upon the post-petition retention of Firm by the Debtors, the aforementioned claim shall be waived.

11. As of the Petition Date, the Firm did not hold a retainer from the Debtors. In the event that the Firm's employment is authorized, the Firm will apply the outstanding retainer balance to postpetition fees and expenses as they become due post-petition pursuant to the terms of the Ordinary Course Professionals Order.

12. The Firm does keep time in one-tenth of an hour increments in the ordinary course of business.

13. As of March 8, 2021, the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Firm was party to an engagement agreement with Pinnpack, one of the Debtors, and the Firm was not party to an agreement for indemnification with the Debtors. To the extent such engagement agreement contains terms not disclosed in this Declaration that the Firm and Debtor Pinnpack intend to govern their relationship after the Petition Date, a copy of the agreement is attached as **Exhibit 1** to this Declaration.

14. The Firm understands that any compensation/reimbursement paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C § 328(c) and applicable law.

15. Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

16. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

17. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

JASON SWARTZ
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

34793791