## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Ref. Docket No. 301** |

### ORDER GRANTING DEBTORS' MOTION TO ASSUME EXECUTORY CONTRACT WITH EMERGING ACQUISITIONS LLC D/B/A BULK HANDLING SYSTEMS

Upon consideration of the *Debtor CarbonLite P, LLC's Motion to Assume Executory Contract with Emerging Acquisitions LLC d/b/a Bulk Handling Systems* (the "Motion");[2] the Court having reviewed the Motion and having considered the relief requested therein and the record in the above-captioned cases; and having determined that the relief requested in the Motion (i) is fair, reasonable, appropriate, and in the best interests of CLP's estate, (ii) represents a sound exercise of CLP's business judgment, and (iii) is in the best interests of CLP, its estate, and creditors; and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that notice of the Motion was sufficient under the circumstances; and the Court having determined that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause

for the relief granted herein, it is **HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      The BHS Agreement is assumed by CLP pursuant to sections 365(a) and (b) of the

Bankruptcy Code effective as of the date of entry of this Order on the terms set forth herein.

3.      CLP is authorized to implement the Cure[3] due under the BHS Agreement as

follows:

       a.  Within three (3) business days of approval of the Motion and entry of the Proposed Order, CLP will pay BHS $719,487.50, which BHS will apply against the Agreed Prepetition Balance.

       b.  Upon the earliest to occur of (i) the date of closing of a sale of substantially all of CLP's assets pursuant to section 363 or 1129 of the Bankruptcy Code; (ii) the effective date of a plan for CLP; and (iii) July 31, 2021, CLP shall pay BHS the sum of: (x) $719,487.50, which BHS will apply against the Agreed Prepetition Balance, and (y) up to $20,000 in reasonable and documented attorneys' fees and costs incurred by BHS to the extent reimbursable under the BHS Agreement (the "Final Payment").

4.      BHS shall have, only against CLP's bankruptcy estate, an allowed administrative

expense claim under sections 365(b) and 503(b) of the Bankruptcy Code in the amount of: (x)

$719,487.50, and (y) up to $20,000 in reasonable and documented attorneys' fees and costs

---

[3] The Cure shall constitute the cure of defaults of the BHS Agreement pursuant to section 365(b)(1) of the Bankruptcy Code.

DOCS_LA:337369.9 13044/003

incurred by BHS to the extent reimbursable under the BHS Agreement (the "Allowed Administrative Expense").  The Allowed Administrative Expense will be satisfied in full upon receipt by BHS of the Final Payment.  For the avoidance of doubt, the Allowed Administrative Expense is included in, and not in addition to, the Cure.

5.      The Debtors, including CLP, shall owe no amounts to BHS on account of any Remaining Work; *provided, however*, if the Final Payment is not paid as and when provided in this Order, within thirty (30) days of the date on which the Final Payment is due, and notwithstanding any bar date order entered in the above-captioned proceedings, BHS may submit a claim for the Remaining Work, and the rights of all parties in interest to contest such claim are reserved.

6.      Subject to timely payment in full of the Cure, BHS shall be deemed to have waived any interest that may be owed under the BHS Agreement.

7.      BHS shall complete the Remaining Work as expediently as commercially reasonable.

8.      "Functional Operation," as such term is defined in the BHS Agreement, is deemed to have occurred as of December 10, 2020 solely for purposes of section 13 of the Conditions of Sale and Warranty.

9.      CarbonLite P, LLC is hereby substituted as the Debtor counterparty to the BHS Agreement, replacing CarbonLite Recycling LLC.

10.      CLP and BHS are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of this Order.

DOCS_LA:337369.9 13044/003

11.     Notwithstanding the possible applicability of Rules 7062 or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

12.     The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the BHS Agreement or this Order.

**Dated: April 22nd, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

4