IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Ref. Docket No. 302** |

### ORDER GRANTING DEBTOR CARBONLITE P, LLC'S MOTION TO ASSUME EXECUTORY CONTRACT WITH BLUE ROCK CONSTRUCTION, INC.

Upon consideration of *Debtor CarbonLite P, LLC's Motion to Assume Executory Contract with Blue Rock Construction, Inc.* (the "Motion");[2] the Court having reviewed the Motion and having considered the relief requested therein and the record in the above-captioned cases; and having determined that the relief requested in the Motion (i) is fair, reasonable, appropriate, and in the best interests of CLP's estate, (ii) represents a sound exercise of CLP's business judgment, and (iii) is in the best interests of CLP, its estate, and creditors; and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion and at the hearing thereon establish just cause for the relief granted herein, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Blue Rock Agreement shall be deemed assumed by CLP pursuant to sections 365(a) and (b) of the Bankruptcy Code effective as of the date of entry of this Order on the terms set forth herein. For the avoidance of doubt, other than as explicitly modified hereby, the terms of Blue Rock Agreement shall continue in full force and effect

3. CLP is authorized to implement the Cure[3] due under the Blue Rock Agreement as follows:

    a. Within three (3) business days of approval of the Motion and entry of this Order, CLP will pay Blue Rock $426,631.48 (the "Initial Payment"), which Blue Rock will apply against the Agreed Prepetition Balance.

    b. Upon the earliest to occur of (i) the date of closing of a sale of substantially all of CLP's assets pursuant to section 363 or 1129 of the Bankruptcy Code; (ii) the effective date of a plan of reorganization for CLP; and (iii) July 31, 2021, CLP shall pay Blue Rock the sum of: (x) $378,342.29, which Blue Rock will apply against the Agreed Prepetition Balance, and (y) up to $15,000 in reasonable and documented attorneys' fees and costs incurred by Blue Rock reimbursable under the Blue Rock Agreement; (the "Final Payment"); *provided* that Blue Rock has continued to fulfill its obligations under the Blue Rock Agreement.

4. Blue Rock shall have, only in CLP's bankruptcy case, an allowed administrative expense claim under sections 365(b) and 503(b) of the Bankruptcy Code in the amount of: (x) $378,342.29, and (y) up to $15,000 in reasonable and documented attorneys' fees and costs incurred by Blue Rock reimbursable under the Blue Rock Agreement (the "Allowed

---

[3] The Cure shall constitute full and final settlement and satisfaction of all amounts due in cure of, and compensation for any pecuniary loss resulting from, any and all defaults under the Blue Rock Agreement existing as of the entry of this Order, which defaults shall be deemed waived.

Administrative Expense"). The Allowed Administrative Expense will be satisfied in full upon receipt by Blue Rock of the Final Payment. For the avoidance of doubt, the Allowed Administrative Expense is included in, and not in addition to, the Cure.

5. Blue Rock shall restart work under the Blue Rock Agreement at the Reading Facility as soon as practicable, and in no event later than April 27, 2021.

6. As part of the postpetition costs payable under the Blue Rock Agreement, Blue Rock shall invoice CLP for actual, necessary, and documented remobilization costs incurred by Blue Rock or any Subcontractor (the "Remobilization Costs") and actual, necessary, and documented extended general conditions costs incurred by Blue Rock under the Blue Rock Agreement (the "General Conditions Costs"). Blue Rock shall include Remobilization Costs in postpetition invoices to CLP in its ordinary course monthly invoices, which CLP shall pay postpetition in the ordinary course under the Blue Rock Agreement; *provided* that CLP shall not be responsible for, and shall not be required to pay for, any Remobilization Costs in excess of $18,000 in the aggregate. CLP shall pay the actual, necessary, and documented invoiced General Conditions Costs upon the earliest to occur of (i) the date of closing of a sale of substantially all of CLP's assets pursuant to section 363 or 1129 of the Bankruptcy Code; (ii) the effective date of a plan of reorganization for CLP; and (iii) June 15, 2021; *provided* that CLP shall not be responsible for, and shall not be required to pay for, any General Conditions Costs that, in the aggregate, exceed $62,000.

7. Upon receipt of the Initial Payment, and in no event more than fourteen (14) calendar days thereafter, Blue Rock will cause the Mechanics' Lien to be reduced in the amount of the Initial Payment. Upon receipt of the Final Payment, and in no event more than fourteen (14) calendar days thereafter, Blue Rock will cause the Mechanics' Lien to be terminated.

8. CarbonLite P, LLC is hereby substituted as the Debtor counterparty to the Blue Rock Agreement, replacing CarbonLite Industries LLC.

9. CLP and Blue Rock are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of this Order.

10. Notwithstanding the possible applicability of Rules 6004(h), 6006(d), or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

11. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Blue Rock Agreement or this Order.

**Dated: April 22nd, 2021**  **JOHN T. DORSEY**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**