# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) Case No. 21-10527 (JTD) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Ref. Docket No. 303** |

## ORDER GRANTING DEBTOR CARBONLITE P, LLC'S AND DEBTOR CARBONLITE RECYCLING LLC'S MOTION TO ASSUME EXECUTORY CONTRACTS WITH SOREMA DIVISION OF PREVIERO N. SRL

Upon consideration of the *Debtor CarbonLite P, LLC and Debtor CarbonLite Recycling LLC's Motion to Assume Executory Contracts with Sorema Division of Previero N. SRL* (the "Motion");[2] the Court having reviewed the Motion and having considered the relief requested therein and the record in the above-captioned cases; and having determined that the relief requested in the Motion (i) is fair, reasonable, appropriate, and in the best interests of CLP's and Recycling's estates, (ii) represents a sound exercise of CLP's and Recycling's respective business judgment, and (iii) is in the best interests of CLP and Recycling, as applicable, and their respective estates and creditors; and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and this Court having found that it may enter a final

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

order consistent with Article III of the United States Constitution; and the Court having determined that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Reading Contracts shall be deemed assumed by CLP pursuant to Sections 365(a) and (b) of the Bankruptcy Code effective as of the date of entry of this Order, subject to the applicable Supplemental Agreements.

3. The Dallas Contract shall be deemed assumed by Recycling pursuant to Sections 365(a) and (b) of the Bankruptcy Code effective as of the date of entry of this Order, subject to the applicable Supplemental Agreements.

4. The Supplemental Agreements, as more fully set forth below, are hereby approved and binding on CLP, Recycling, and Sorema, as applicable, and CLP and Recycling are authorized to implement the Supplemental Agreements at the time and in the manner provided for below:

   a. As agreed by CLP and Sorema, the terms for a cure under the Reading Contracts pursuant to section 365(b)(1) of the Bankruptcy Code shall be as follows (the "Reading Cure"): CLP shall pay the Reading Prepetition Balance in full, in cash, upon the earlier to occur of: (i) August 15, 2021, and (ii) the date of closing of a sale of substantially all of CLP's assets pursuant to sections 363 or 1129 of the Bankruptcy Code (a "Transaction").

   b. Notwithstanding anything in the Reading Contracts to the contrary, CLP shall pay Sorema the remaining of the Reading Postpetition Balance, less the Deposit, in cash, upon the earlier to occur of: (x) August 15, 2021, and (y) the date of closing of a Transaction, provided, however, that all of the equipment provided for in the Reading Contracts is fully

installed and operational on such date and Sorema has continued to fulfill its obligations under the Reading Contracts, in full and final satisfaction of any and all amounts due by CLP to Sorema under the Reading Contracts.

c. As agreed by Recycling and Sorema, the terms for a cure under the Dallas Contract pursuant to section 365(b)(1) of the Bankruptcy Code shall be as follows (the "Dallas Cure" and together with the Reading Cure, the "Cures"):[3] Recycling shall pay the Dallas Prepetition Balance in full, in cash, upon the earlier to occur of: (i) August 15, 2021, and (ii) the date of closing of a sale of substantially all of Recycling's assets, in full and final satisfaction of any and all amounts due by Recycling to Sorema under the Dallas Contract.

d. As of the date of entry of this Order, (a) Recycling shall be deemed the counterparty to the Dallas Contract, and (b) CLP shall be deemed the counterparty to the Reading Contracts and, notwithstanding anything in the Reading Contracts to the contrary, the Wash Lines and other equipment identified in the Reading Contract shall be installed at the Reading Facility.

e. To the extent not already covered under the terms of the Sorema Contracts, Sorema shall also continue to supply spare parts and technical support to CLP and Recycling, subject to payment in advance.

5. The Debtors and Sorema are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of this Order.

---

[3] The Cures shall constitute full and final settlement and satisfaction of all amounts due in cure of, and compensation for any pecuniary loss resulting from, any and all defaults under the Sorema Contracts, which defaults shall be deemed waived.

6. Notwithstanding the possible applicability of Rules 7062 or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

7. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Sorema Contracts, the Supplemental Agreements, or this Order.

**Dated: April 22nd, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**