**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) (Jointly Administered) |
| Debtors. | ) ) | Rel. Dkt. No. 112, 266, 269, 332 |

**OBJECTION OF UNISENSOR USA, INC. TO DEBTORS'**
**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF**
**DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Unisensor USA, Inc. ("Unisensor") hereby submits this objection (the "Cure Claim Objection") to the Proposed Cure Amount (defined below) that the above-captioned debtors and debtors in possession have proposed to pay in connection with the potential assumption and assignment of the Service Contract (defined below). In support of this Cure Claim Objection, Unisensor respectfully shows the Court as follows:

**FACTUAL BACKGROUND**

**A.     Unisensor's Service Contract with the Debtors.**

1.     On or about November 6, 2017, Debtor, CarbonLite Recycling, LLC ("CarbonLite"), entered into a *Service Contract* with Unisensor (the "Service Contract") wherein Unisensor agreed to provide repair and maintenance services and related parts to CarbonLite

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

1

related to equipment that CarbonLite purchased from Unisensor's affiliate, Unisensor Sensorsysteme GmbH, which equipment is located at the Debtors' Dallas facility. A true and correct copy of the Service Contract is attached to this Cure Claim Objection as **Exhibit A**.

2. The original term of the Service Contract was September 1, 2017 through August 31, 2020, but the term automatically extends for a year unless terminated three months prior to its anniversary. *See* Service Contract § 8. Accordingly, the Service Contract is executory, and it does not expire until August 31, 2021 at the earliest.

      **B.**      **Debtors' Bankruptcy Cases and the Proposed Assumption and Assignment of the Service Contract.**

3. On March 8, 2021 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On March 18, 2021, in connection with the proposed sale of all or substantially all of the Debtors' assets to one or more purchasers (the "Sales Transaction"), the Debtors filed a motion [Docket No. 112] (the "Bidding Procedures Motion"), which sought, among other things, approval of procedures for the proposed assumption and assignment of the Debtors' various executory contracts and unexpired leases in connection with the Sales Transaction (the "Assumption and Assignment Procedures").

5. On April 9, 2020, the Court entered an order [Docket No. 266] (the "Bidding Procedures Order"), which, among things, approved the Bidding Procedures Motion and the Assumption and Assignment Procedures set forth therein.

6. Pursuant to the Bidding Procedures Order, on or about April 9, 2021, the Debtors filed their *Notice of Proposed Assumption and Assignment of Designated Executory Contracts or*

*Unexpired Leases* [Docket No. 269] (the "Assumption Notice"). On Schedule A attached of the Assumption Notice the Debtors identified the Service Contract (Contract No. 449) as potential contract that the Debtors may assume and assign as part of the Sales Transaction. The Assumption Notice indicated a cure amount for the Service Contract of $133,973.69.

7. On April 21, 2021, the Debtors filed their *First Supplemental Notice of Proposed Assumption and Assignment of Designated Executory Contracts or Unexpired Leases* [Docket No. 332] (the "Revised Assumption Notice"). Schedule B of the Revised Assumption Notice the Debtors identified the Service Contract (Contract No. 449) as potential contract that the Debtors may assume and assign as part of the Sales Transaction, but indicated a cure amount for the Service Contract of $0.00 (the "Proposed Cure Amount").

8. The Assumption Notice and the Revised Assumption Notice provide that any objections to the Proposed Cure Amount must be filed prior to April 30, 2021 at 4:00 p.m. (Eastern).

    **C.**    **Amounts Owed by CarbonLite to Unisensor under the Service Contract.**

9. The Debtors currently owe Unisensor $141,704.00 (the "Unpaid Fees") for services rendered and parts delivered to the Debtors in connection with such services under the Service Contract.

10. The Unpaid Fees are evidenced by the following invoices (collectively, the "Invoices"):

(i) Invoice I20140615 dated February 28, 2019, in the amount of $86,491.04 for the service period of September 2018 through August 2019, with an unpaid balance of $506.04;

(ii) Invoice I20140627 dated April 17, 2019 in the amount of $3,276.10 for spare parts shipped to the Dallas facility, with an unpaid balance of $3,276.10;

(iii) Invoice I20140785 (A and B)[2] dated March 11, 2020, in the total amount of $86,260.76 for the service period of September 2019 through August 2020, with an unpaid balance of $86,260.76;

(iv) Invoice I20140903 dated October 16, 2020, in the amount of $5,945.58 for parts installed on a service trip, with an unpaid balance of $ 5,945.58; and

(v) Invoice I20140981 dated February 4, 2021, in the amount of $45,715.52 for the service period of September 2020 through August 2021, with an unpaid balance of $45,715.52.

True and correct copies of the Invoices are attached to this Cure Claim Objection as **Exhibit B**.

## OBJECTION

11. As set forth above, the Debtors have not paid Unisensor for certain services rendered and parts delivered to CarbonLite under the Service Contract, which make up the Unpaid Fees.

12. To the extent that the Debtors seek to assume and assign the Service Contract, the Debtors are required to pay the sum of at least $141,704.00 (the "Corrected Cure Amount")[3] to

---

[2] At the Debtors' request, invoice I20140785 was broken into two equal invoices – A and B. Both of these invoices remain unpaid.

[3] To the extent that Unisensor performs any additional services or provides the Debtors with any additional parts in connection with those services under the Service Contract between the date of this Cure Claim Objection and closing of the Sales Transaction that involves the assumption and assignment of the Service Contract, Unisensor reserves the right to increase the Corrected Cure Amount to account for any such unpaid services and/or parts.

Unisensor in order to pay for the Unpaid Fees and cure CarbonLite's defaults under the Service Contract as required by 11 U.S.C. § 365(b).

13. Unisensor objects to the Proposed Cure Amount and any proposed assumption and assignment of the Service Contract to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed purchaser/assignee shall pay Unisensor the Corrected Cure Amount at closing.

14. Unisensor does *not* object to the proposed assumption and assignment of the Service Contract; provided that, it is paid the Corrected Cure Amount, and provided further that, the proposed purchaser/assignee assumes each and every one of the Debtors' obligations under the Service Contract through the expiration of the Service Contract.

WHEREFORE, Unisensor respectfully requests that the Court: (i) enter an order determining that Unisensor is entitled to the payment of the Corrected Cure Amount at closing as a condition of the assumption and assignment of the Service Contract; (ii) enter an order directing the Debtors or the purchaser/assignee to pay Unisensor the Corrected Cure Amount in the amount of at least $141,704.00 at closing (of the Sales Transaction related to the assumption and assignment of the Service Contract), to the extent that the Debtors are authorized to assume or assign the Service Contract; and (iii) grant Unisensor such other and further relief as this Court may deem just and proper.

Dated: April 28, 2021

Respectfully submitted,

SMITH KATZENSTEIN & JENKINS LLP

   */s/ Kathleen M. Miller*
Kathleen M. Miller (DE ID 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, Delaware 19801
Tel:  (302) 652-8400
Email:  kmiller@skjlaw.com


-and-

ARNALL GOLDEN GREGORY LLP

Sean C. Kulka
Georgia Bar No. 648919
171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
Tel.: (404) 873-8500
Fax: (404) 873-8683
Email: sean.kulka@agg.com

*Counsel for Unisensor USA, Inc.*