IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) | Re: ECF No. 269 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PIHV MOUNTAIN CREEK, LLC TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

PIHV Mountain Creek, LLC ("Landlord"), by and through its counsel of record herein, hereby files this limited objection and reservation of rights (the "Objection") to the *Notice of Proposed Assumption and Assignment of Designated Executory Contracts and Unexpired Leases* (the "Cure Notice") [ECF No. 269] filed by the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases. In support of this Objection, Landlord states as follows:

**Background**

1. On March 8, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5433); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings LLC (8957); Pinnpack P LLC (8322); CarbonLite Recycling LLC (372); and Pinnpack Packaging LLC (9948).

2. Prior to the Petition Date, Debtor CarbonLite Recycling LLC ("Recycling"), as tenant, and Landlord, as landlord, entered into that certain Lease Agreement dated as of October 17, 2016 (the "Lease Agreement") for non-residential real property located at 4685 Mountain Creek Parkway, Dallas, TX 75236 (the "Premises"), as amended by that certain First Amendment to Lease Agreement (the "Amendment," and together with the Lease Agreement, the "Lease").

3. As of the Petition Date, Debtor Recycling is in default under various terms of the Lease, including by its failure to pay rent and related interest and fees under the terms of the Lease.

4. On April 9, 2021, the Court entered the *Order (A) Approving Bid Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief* (the "Bid Procedures Order") [ECF No. 266].

5. In accordance with the Bid Procedures Order, the Debtors filed the Cure Notice, whereby the Debtors' notified the Landlord that they may assume and assign the Lease so that the successful bidder under the Bid Procedures Order may continue to retain use and possession of, and conduct its business operation at, the Premises as an assignee of the Lease. The Cure Notice provides that the amount to cure Debtor Recycling's payment default under the Lease is **$259,967.31** (the "Proposed Cure Amount").

**Objection**

6. Landlord files is objection because: (i) Debtors have not provided information relating to the identity of, or adequate assurance of future performance for, any proposed Purchaser

(as defined in the Bid Procedures Order); and (ii) the Cure Notice does not propose to satisfy Debtors' cure obligations consistent with section 365(b) of the Bankruptcy Code.

### A. Adequate Assurance

7. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtors to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of executory contracts. The Debtors may not assume and assign the Leases unless they demonstrate adequate assurance of future performance. 11 U.S.C. § 365(b)(1)(C); see also 11 U.S.C. § 365(f)(2). The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under section 365. *See In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Further, Rule 6006(f)(4) of the Federal Rules of Bankruptcy Procedure requires that the Debtors must specify the identity of, and adequate assurance information for, any proposed assignee. Adequate assurance information must be carefully reviewed and evaluated by Landlord in the context of, and consistent with, the terms and functions of the Lease. Both Landlord and its counsel will need adequate time prior to any assumption/assignment hearing to complete this review and evaluation. To the extent that the adequate assurance information provided by any proposed Buyer is incomplete or otherwise insufficient, Landlord reserves its right to object to any proposed assignment.

### B. Cure.

8. The Proposed Cure does not accurately include the actual outstanding balance due to Landlord under the Lease. Debtors have failed to include additional assessments, including fees and interest, as well as attorneys' fees and costs. Specifically, the Lease contains provisions for recovery of attorneys' fees, costs, and interest in the event the Landlord is required to take legal

action to protect its interests. The Lease sets forth remedies upon the default by Debtor Recycling, including the accrual of interest and late fees that continue to accrue after a payment default.

9. When a contract is assumed under section 365 of the Bankruptcy Code, the nondebtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors are obligated to cure all defaults under the Lease, and compensate the Landlord for its actual pecuniary losses as a result of defaults under the Lease. *See* 11 U.S.C. § 365(b)(1)(A) and (B). The principle is well-recognized. *In re LCO Enterprises*, 12 F.3d 938, 941 (9th Cir. 1993); *Elkton Associates v. Shelco Inc. (Matter of Shelco)*, 107 B.R. 483, 487 (Bankr. D. Del. 1989). Attorneys' fees and costs incurred in enforcement of the covenants, obligations, and conditions of a lease are also proper components of a cure claim, and the Debtors (or any successor) must satisfy these lease charges as part of the assumption or assumption and assignment of the Lease. *In re Entertainment, Inc.*, 223 B.R. at 152 (citation omitted).

10. To the extent that the Debtors seek to assume and assign the Lease, the Debtors must pay the full cure amount based upon the actual amount that is due on the date that the Lease is assumed and assigned ("Effective Date"). See 11 U.S.C. § 365(b)(1); *In re Network Access Solutions Corporation*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Amounts will continue to accrue under the Lease on and after April 21, 2021, and no cure amount can be fixed prior to the Effective Date of the Sale. Any order permitting the assumption and assignment of the Lease must direct that the Debtors fully pay all amounts due to Landlord thereunder as of the Effective Date, as a condition precedent to such assumption and assignment, which includes all amounts due for late fees, interest, attorneys' fees, and costs.

## Reservation of Rights

11. Landlord reserves all rights to object to any assignment of the Lease and to demand adequate assurance by the Debtors or any assignee under the Lease, and to further supplement and/or amend this Objection.

12. Any acts taken by Landlord prior to this Objection do not, and should not, constitute a waiver of Landlord's rights to pursue a claim against the Debtors or the estate.

13. This Objection does not, and should not, constitute a waiver by Landlord of any other remedies provided under law or contract in connection with the Lease.

## Conclusion

WHEREFORE, Landlord requests that this Court sustain its Objection, and grant such other relief as the Court deems just and proper.

April 30, 2021

*/s/ Elizabeth C. Freeman*
**JACKSON WALKER LLP**
Elizabeth C. Freeman (TX Bar No. 24009222)
Vienna F. Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: efreeman@jw.com
vanaya@jw.com

*Attorneys for PIHV Mountain Creek, LLC*

**Certificate of Service**

I hereby certify and verify that on April 30, 2021, the forgoing instrument was served (i) via CM/ECF to all parties registered to receive electronic notice, and (ii) via email on the following parties as required by the Cure Notice:

- the Debtors, c/o Force Ten Partners LLC, 5271 California Avenue, Suite 270, Irvine, CA 92617, Attn: Brian Weiss (bweiss@force10partners.com);
- proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003, Attn: Gabriel I. Glazer (gglazer@pszjlaw.com);
- counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, (a) Latham & Watkins LLP, (x) 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071, Attn: Jeffrey E. Bjork (jbjork@lw.com), (y) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: James Ktsanes (james.ktsanes@lw.com), and (z) 885 Third Avenue, New York, NY 10022, Attn: Andrew C. Ambruoso (andrew.ambruoso@lw.com), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady (rbrady@ycst.com), Edwin J. Harron (eharron@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com);
- counsel to the DIP ABL Lender and Prepetition ABL Secured Parties, (a) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169-0075, Attn: Andrew M. Kramer (akramer@otterbourg.com) and David E. Morse (dmorse@otterbourg.com) and (b) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: John Henry Knight (knight@rlf.com);
- counsel to the TX/PA DIP Agents and Prepetition Trustees, (a) Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-4321, Attn: Michael Messersmith (michael.messersmith@arnoldporter.com), Sarah Gryll (sarah.gryll@arnoldporter.com), and Ginger Clements, (ginger.clements@arnoldporter.com) and (b) Troutman Pepper Hamilton Sanders LLP, 1313 N. Market Street, Suite 5100, Wilmington, DE 19801, Attn: David Stratton (david.stratton@troutman.com);.
- counsel to the Official Committee of Unsecured Creditors, (a) Hogan Lovells US LLP, 1999 Avenue of the Stars, Los Angeles, CA 90275, Attn: David P. Simonds (david.simonds@hoganlovells.com), Erin N. Brady (erin.brady@hoganlovells.com), and Edward McNeilly (edward.mcneilly@hoganlovells.com) and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Stanley B. Tarr (tarr@blankrome.com); and
- the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph McMahon (Joseph.McMahon@usdoj.gov).

By:/*s/ Elizabeth C. Freeman*  
Elizabeth C. Freeman

28783100v.2 158676/00033