IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 21-10527 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) **Ref. Docket No. 406** |

**ORDER GRANTING DEBTOR PINNPACK PACKAGING, LLC'S MOTION FOR AUTHORITY TO PAY VENDOR STERLING INDUSTRIES, LP D/B/A <u>AMERICAN SUPPLY COMPANY</u>**

Upon consideration of the *Motion for Authority to Pay Vendor Sterling Industries, LP d/b/a American Supply Company* (the "<u>Motion</u>")[2] filed by Debtor PinnPack Packaging, LLC ("<u>PinnPack</u>"), the Court having reviewed the Motion and having considered the relief requested therein and the record in the above-captioned cases; and having determined that the relief requested in the Motion (i) is fair, reasonable, appropriate and in the best interests of PinnPack's estate, (ii) represents a sound exercise of PinnPack's business judgment, and (iii) is in the best interests of PinnPack, its estates and creditors; the Court having determined that notice of the Motion was sufficient under the circumstances; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 20212; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

having found that this Court may enter a final order consistent with Article III of the United Stated Constitution; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. Upon entry of this Order through and including the date of closing of a transaction (a "Transaction") for substantially all the assets comprising the PinnPack Facility, pursuant to sections 363 or 1129 of the Bankruptcy Code, American Supply shall continue to supply PinnPack Packaging Materials on a postpetition basis, subject to payment within seven (7) calendar days of Pinnpack's receipt of an undisputed invoice.

3. Within three (3) business days following entry of this Order, PinnPack shall pay American Supply $100,000 (the "Vendor Payment") to be applied to the Prepetition Balance, provided that, American Supply shall apply the Vendor Payment to the oldest outstanding prepetition invoices first.

4. Upon entry of this Order, American Supply shall invoice PinnPack for Packaging Materials based upon American Supply's "3,000 unit" pricing levels.

5. At all times following entry of this Order, American Supply shall store and have available for immediate shipment to PinnPack no less than $100,000 worth of Shipping Materials, the volume of which shall be based upon American Supply's "3,000 unit" pricing levels.

6. If (i) American Supply reasonably determines that any buyer (a "Buyer") pursuant to a Transaction is of sufficient creditworthiness and (ii) such Buyer desires to purchase Shipping Materials from American Supply, for a period of two (2) years beginning on the first business day following the closing of a Transaction, American Supply shall supply Packaging Materials to such

Buyer upon: (x) sixty (60) day payment terms and (y) "10,000 unit" pricing terms based upon the "Pulp & Paper" pricing index (the "Index"), which pricing terms shall increase/decrease by 2% for each $10.00 increase/decrease on the Index, subject to a $20.00 minimum fluctuation for any pricing increases/decreases.  Should any Buyer desire to purchase Supply Materials from American Supply, American Supply shall apply the Deposit to any such Buyer's orders of Packaging Materials until the Deposit is exhausted before seeking any payments from such Buyer.

7. PinnPack and American Supply are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of this Order.

8. Notwithstanding the possible applicability of Rules 7062 or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

9. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the provisions of this Order.

**Dated: May 13th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**