## **Exhibit 1**

*Riverside Sale Order*

DOCS_DE:234522.2 13044/001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS RELATING TO THE RIVERSIDE FACILITY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS; AND (C) GRANTING RELATED RELIEF

Upon the motion [Docket No. 112] (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") pursuant to sections 105(a), 363, 365, 503, 507, 1107, and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") for (a) approval of a sale of substantially all of the assets of the Debtors relating to the Riverside Facility[2] free and clear of all liens, claims, encumbrances, and other interests; (b) approval of assumption and assignment of certain unexpired leases and executory contracts; and (c) approval of related relief, all as contemplated in the *Order (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving Procedures for the Assumption and Assignment of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] The Riverside Facility is a recycling facility operated by Debtor CarbonLite Industries LLC ("<u>Industries</u>") located in Riverside, California.

*Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections in Connection With the Debtors' Entry Into Any Potential Stalking Horse Agreements; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief* [Docket No. 266] (as may be amended, supplemented or modified)[3] (the "Bid Procedures Order")[4] entered by this Court on April 9, 2021; and the Auction having taken place on May 21, 2021, in accordance with the Bid Procedures Order; and **TSG Shelf II Acquisition, LLC** having been chosen as the Successful Bidder (the "Successful Bidder" or the "Buyer") for the Purchased Assets;[5] and the Debtors[6] party to the APA (as defined below) (the "Sellers") having agreed to enter into and consummate the Asset Purchase Agreement attached hereto as Exhibit A with the Buyer (the "APA"); and the hearing to approve the sale (the "Sale" or "Sale Transaction") of the Purchased Assets and the APA (the "Sale Approval Hearing") having been held on May [ • ], 2021 in accordance with the Bid Procedures Order; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bid Procedures Order, Bankruptcy Rules and Local Rules, and that, except as otherwise ordered herein, no other further notice is necessary; and upon the record at

---

[3] *See Order Approving Stipulation Among Debtors, the Official Committee of Unsecured Creditors and the DIP Lenders, Extending Certain Deadlines Under the Bid Procedures Order* [Docket No. 312], entered by this Court on April 20, 2021; *Order Approving Second Stipulation Among Debtors and the DIP Lenders, Extending Certain Deadlines Under the Bid Procedures Order* [Docket No. 357], entered by this Court on April 27, 2021; *Order Approving Amended Third Stipulation Among Debtors and the DIP Lenders Extending Certain Deadlines Under (I) TX Debtors' Final DIP Order; (II) PA Debtors' Final DIP Order; (III) CA Debtors' Final DIP Order; and (IV) Bid Procedures Order* [Docket No. 401], entered on May 4, 2021; 2021; and *Order Authorizing Debtors to Extend, as Necessary, Certain Deadlines Under the (I) Bid Procedures Order; (II) TX Debtors' Final DIP Order; (III) PA Debtors' Final DIP Order; and (IV) CA Debtors' Final DIP Order* [Docket No. 449], entered by this Court on May 13, 2021.

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Bid Procedures Order and, as applicable, the Bid Procedures (as defined in and attached to the Bid Procedures Order).

[5] As used herein, Purchased Assets shall have the meaning ascribed to it in the APA.

[6] Debtor CarbonLite Holdings LLC ("Holdings") is also party to the APA for the sole and exclusive purposes of (a) agreeing to transfer to Buyer at the Closing, all of Holdings' right, title and interest in and to any Acquired Intellectual Property Rights (as defined in the APA) and any Wayward Assets (as defined in the APA) and (b) Section 5.15 of APA, and for purposes of this Order is a Seller hereunder to that extent.

the Sale Approval Hearing and all of the proceedings before this Court; and this Court having reviewed any objections asserted at the Sale Approval Hearing and having found and determined that the relief sought at the Sale Approval Hearing, and entry of this Order, is in the best interests of the Sellers, the Sellers' estates, their creditors, and all other parties in interest; and after due deliberation thereon and sufficient cause appearing therefore, this Court makes the following Findings of Fact and Conclusions of Law:

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

A.    **Findings and Conclusions:** The findings and conclusions set forth herein and in the record of the Sale Approval Hearing constitute this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following conclusions of law constitute findings of fact, or *vice versa*, they are adopted as such.

B.    **Jurisdiction, Venue and Core Proceeding:** This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  The matters covered by this Order are core proceedings under 28 U.S.C. § 157(b)(2).  Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Venue in this district and before this Court was proper as of the Petition Date and continues to be proper.  This Court may enter a final order with respect to the Motion, the Sale, the Sale Transaction, and all related relief, in each case, consistent with Article III of the United States Constitution.

C.    **Statutory Predicates.**  The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365, 503, 507, 1107 and 1108 of the Bankruptcy Code, Rules 2002,

6004, 6006, 9008, and 9014 of the Bankruptcy Rules and Rules 2002-1 and 6004-1 of the Local Rules. The consummation of the Sale Transaction contemplated by the Motion, the APA, and this Order, and the assumption and assignment of the Acquired Contracts, the Assumed Real Property Leases, the Assumed Personal Property Leases and the Licenses and Permits (as defined in the APA) (the "Acquired Contracts"), are legal, valid, and properly authorized under the cited provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and all of the applicable requirements of such sections and rules have been complied with in respect of such transactions.

D.     **Sufficiency of Notice.**  As evidenced by the affidavits of service filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Assumption and Assignment Procedures, the proposed assumption and assignment of the Acquired Contracts, the Auction, the Sale Approval Hearing, the Sale, the Sale Transaction, and all transactions contemplated therein or in connection therewith, and all deadlines related thereto, was given under the particular circumstances and no further notice need be provided.

E.     **Actual Notice.**  Actual written notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Assumption and Assignment Procedures, the proposed assumption and assignment of Acquired Contracts, the Auction, the Sale Approval Hearing, the Sale, the Sale Transaction and all transactions contemplated therein or in connection therewith, and all deadlines related thereto has been given to all interested persons and entities, including, without limitation: (i) the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties, and each of their counsel; (ii) the DIP ABL Lender and Prepetition ABL Secured Parties, and each of their counsel (iii) counsel to the Official Committee of Unsecured Creditors (the

"Committee"); (iv) the Office of The United States Trustee; (v) the counterparty to each unexpired lease and executory contract to be assumed and assigned pursuant to this Order, and each of their counsel (if known) (vi) all persons known or reasonably believed to have asserted an interest in the Purchased Assets; (vii) the Attorneys General in the States where the Assets are located; (viii) all federal, state, and local taxing authorities in the States where the Assets are located; (ix) all parties who have asserted liens against the Purchased Assets; (x) all parties included on the Debtors' consolidated creditor matrix; and (xi) any other party that has filed a request for notices with this Court (collectively, the "Notice Parties").

F.      **Extensive Efforts by Debtors.**  The Sellers have worked with their counsel, their investment banker Jefferies, LLC ("Jefferies"), and other advisors, as well as, as applicable, the Consultation Parties and the Consent Parties, to implement a viable Sale Transaction that would allow them to maximize the value of their Assets.  The Sale Transaction for the Purchased Assets that is the subject of this Order is the result of the Sellers' extensive efforts in seeking to maximize recoveries to the Debtors' estates, for the benefit of all of the Debtors' creditors.

G.      **Business Justification.**  The Sellers have demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale Transaction contemplated by the APA and related documents, including, without limitation, the assumption, assignment, and/or transfer of the Acquired Contracts pursuant to sections 105, 363, and 365 of the Bankruptcy Code, prior to and outside of a plan of reorganization, and such action is an appropriate exercise of the Sellers' business judgment and in the best interests of the Sellers, their estates, and their creditors.  Such business reasons include, but are not limited to, the fact that: (i) there is substantial risk of depreciation of the value of the Purchased Assets if the Sale is not consummated promptly; (ii) the Sale Transaction

contemplated by the APA presents the best opportunity to maximize the value of the Sellers' estates; (iii) at Closing, in accordance with the *Final Order (I) Authorizing CA Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No. 274] (the "CA DIP Order"), the cash proceeds of the Sale Transaction will be used to indefeasibly pay the DIP Obligations (as defined in the CA DIP Order); and (iv) unless the Sale is concluded expeditiously as provided for in this Order and pursuant to the APA, potential creditor recoveries may be substantially diminished.

H.    **Bid Procedures Order.** On April 9, 2021, this Court entered the Bid Procedures Order approving, among other things, Bid Procedures for the sale of substantially all of the Debtors' Assets and Assumption and Assignment Procedures for the related assumption and assignment of any unexpired leases and executory contracts relating to any sale.  The Bid Procedures provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Debtors' Assets.  The Assumption and Assignment Procedures provided a full, fair, and reasonable opportunity for any counterparty to any unexpired lease or executory contract to object to any proposed Cure Amount, assumption and assignment of its applicable unexpired lease or executory contract, or the Buyer's adequate assurance of future performance.  The Debtors, the Buyer, and their respective counsel and other advisors have complied with the Bid Procedures Order, the Bid Procedures, and the Assumption and Assignment Procedures in all respects.

I.    **Adequate Marketing; Highest or Best Offer.** As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Approval Hearing, and (ii) the

representations of counsel made on the record at the Sale Approval Hearing, (a) the Sellers have adequately marketed the Purchased Assets and conducted the Sale process in compliance with the Bid Procedures Order in good faith and in a fair and open manner; (b) the Sale Process and the Bid Procedures were non-collusive, duly noticed, and provided a full, fair, reasonable and adequate opportunity for any interested party to conduct due diligence and make an offer to purchase the Debtors' Assets, and submit higher and better offers for the Purchased Assets than the Buyer's Successful Bid; (c) the consideration provided by the Buyer in the APA constitutes the highest and best offer for the Purchased Assets; (d) the consideration is fair and reasonable consideration for the Purchased Assets and constitutes reasonably equivalent value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia; (e) the Sale will provide a greater recovery to the Sellers' creditors with respect to the Purchased Assets than would be provided by any other available alternative; (f) taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Purchased Assets for greater economic value to the Sellers or their estates than the Buyer; and (g) the Sellers' determination that the APA constitutes the highest or best offer for the Purchased Assets, maximizes value for the Debtors' estates, and constitutes a valid and sound exercise of the Sellers' business judgment.  There is no legal or equitable reason to delay Closing of the Sale Transaction contemplated by the APA.

J.    **Opportunity to Object.**  A reasonable opportunity to object or be heard with respect to the Motion, and all relief requested therein has been afforded to all interested parties.

K.    **Property of the Estate.**  The Purchased Assets are property of the Sellers' estates and title thereto is vested in the Sellers' estates.

L.     **Sale in Best Interests.**  The actions to be taken by the Sellers and the Buyer are appropriate under the circumstances of these chapter 11 cases and are in the best interests of the Sellers, their estates, their creditors, and other parties in interest.  Approval of the APA and the Sale Transaction set forth therein, and all related transactions at this time is in the best interests of the Sellers, their creditors, their estates, and all other parties in interest.

M.     **Arm's-Length Sale.**  The APA, the Sale, the Sale Transaction, and any transactions contemplated therein and associated therewith were negotiated, proposed, and entered into by the Sellers and the Buyer without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Sellers, their insiders and affiliates, the CA Secured Parties, nor the Buyer have engaged in any conduct that would cause or permit the APA, the Sale, or any part of the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code.

N.     **Good Faith Buyer.**  The Buyer has proceeded in good faith in all respects, is a good faith buyer under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby, including in the event this Order or any portion thereof is reversed or modified on appeal.  In particular, (i) Buyer recognized that the Sellers were free to deal with any other party interested in purchasing the Purchased Assets; (ii) Buyer in no way induced or caused the chapter 11 filings by the Sellers or other Debtors; (iii) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (iv) no common identity of directors, managers, officers or controlling stockholders exist between Buyer, on the one hand, and any of the Sellers or other Debtors, on the other hand; (v) Buyer complied with the Bid Procedures and all provisions of the Bid Procedures Order; and (vi) all payments to be made, and all other material agreements or arrangements entered into or to be entered into by Buyer in connection with the Sale Transaction have been disclosed.

O.    **Corporate Authority.** The Sellers (i) have full corporate power and authority to execute the APA and all other documents contemplated thereby, and the Sale Transaction and Sale of the Purchased Assets have been duly and validly authorized by all necessary corporate action of the Sellers, (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the APA, (iii) have taken all corporate action necessary to authorize and approve the APA and the consummation by the Sellers of the transactions contemplated thereby, and (iv) need no consents or approvals, other than those expressly provided for in the APA, subject to the waiver of such consents or approvals to the extent provided in the APA and as may be permitted under applicable law.

P.    **Free and Clear Findings Required by the Buyer.** The Buyer would not have entered into the APA and would not consummate the Sale if the Sale of the Purchased Assets to the Buyer were not, pursuant to section 363(f) of the Bankruptcy Code, free and clear of (i) all liens, claims, pledges, options, charges, hypothecations, easements, security interests, rights-of-way, encroachments, mortgages and deeds of trusts or other encumbrances, other than Permitted Post-Closing Encumbrances (as defined in the APA) (collectively, the "Liens"), (ii) all claims as defined in section 101(5) of the Bankruptcy Code, including all rights or causes of action (whether in law or in equity), warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims or liabilities relating to any act or omission of the Debtors or any other person prior to the Closing, consent rights, options, contract rights, covenants and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the above-captioned cases, and whether imposed by agreement, understanding, law, equity or

otherwise (collectively, the "Claims"), and (iii) all debts, liabilities, obligations, contractual rights and claims and labor, employment and pension claims, in each case, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Interests").  Upon entry of this Order, the Sellers are authorized to transfer all their right, title and interest in and to the Purchased Assets free and clear of, and the Buyer shall not be responsible for, any Liens, Claims, or Interests, including, without limitation, in respect of the following: (i) any rights or Claims based on any successor or transferee liability; (ii) any Liens, Claims or Interests that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Sellers' or the Buyer's interest in the Assets, or any similar rights; (iii) any labor or employment agreements; (iv) any pension, multiemployer plan (as such term is defined in Section 3(37) or Section 4001(a)(3) of ERISA), health or welfare, compensation or other Benefit Plans, agreements, practices and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (v) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employment Act of 1967 and Age Discrimination

in Employment Act, as amended, (g) the Americans with Disabilities Act of 1990, (h) Section 4980B of the Internal Revenue Code of 1986 and Part 6 of Title I of ERISA, together in each case, with applicable regulations, in each case, as amended and in effect from time to time (collectively, "<u>COBRA</u>"), (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws,or (k) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors; (vi) any bulk sales or similar law; (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Assets prior to the Closing; or (viii) any unexpired and executory contract or unexpired lease to which any Debtor is a party that is not a contract or lease that will be assumed and assigned pursuant to this Order and the APA (the "<u>Successor or Other Liabilities</u>").   A sale of the Purchased Assets other than one free and clear of all Liens, Claims, and Interests would yield substantially less value for the Sellers' estates, with less certainty, than the Sale as contemplated.   Therefore, the Sale contemplated by the APA free and clear of all Liens, Claims, and Interests is in the best interests of the Sellers, their estates, their creditors, and all other parties in interest.

Q.      **Environmental Protection Agency.**   Notwithstanding the foregoing, nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under

police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

R.      **Assumption and Assignment of Unexpired Leases and Executory Contracts.** Pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to assume all Acquired Contracts[7] and assign such Acquired Contracts to the Buyer.  To the extent a Cure Amount is owed to the counterparty of any Acquired Contract (the "Contract Counterparty"), the applicable Cure Amount will be paid by the Buyer in accordance with this Order and the APA, with a corresponding deduction from the Cash Consideration in accordance with the APA.  The Buyer has, in accordance with the Assumption and Assignment Procedures, provided adequate assurance of future performance to any Contract Counterparty as required by section 365(b)(1)(C).  In accordance with the Assumption and Assignment Procedures and the terms of this Order, following the Closing, Buyer shall be fully and irrevocably vested with all of the Sellers' right, title and interest in and under the Acquired Contracts in connection with the Purchased Assets, free and clear of any Liens, Claims and Interests, and each Acquired Contract shall be fully enforceable by Buyer in accordance with its respective terms and conditions, except as limited by this Order.  Following assignment of the Acquired Contracts to Buyer, the Sellers shall be relieved from any further liability with respect to such Acquired Contracts.

S.      **No Pre-Closing Liability for Acquired Contracts.**  The Acquired Contracts being assigned to Buyer are an integral part of the Sale Transaction and, accordingly, their assumption and assignment is reasonable and an enhancement to the value of the Debtors' estates.  To the extent any Acquired Contract is not an executory contract within the meaning of

---

[7] Notwithstanding the name of the Debtors listed on any Acquired Contract, the Acquired Contracts identified in the APA are deemed assumed and assigned by the applicable Debtors party to the APA.

section 365 of the Bankruptcy Code, it shall be transferred to Buyer in accordance with the terms

of the APA and, other than with respect to Permitted Post-Closing Encumbrances and Assumed

Liabilities, Buyer shall have no liability or obligation for any (i) defaults or breaches under such

agreement that relate to acts or omissions that occurred in the period, or otherwise arose, prior to

the Closing Date and (ii) claims, counterclaims, offsets, or defenses (whether contractual or

otherwise, including, any right of recoupment) with respect to such Acquired Contract, that relate

to any acts or omissions that arose or occurred prior to the Closing Date.

T.    **Binding and Valid Transfer.**  The transfer of the Purchased Assets to the Buyer

will be a legal, valid, and effective sale and transfer of the Purchased Assets and will vest the

Buyer with all right, title, and interest of the Sellers to the Purchased Assets free and clear of all

Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed

Liabilities), and any liabilities of the Sellers, except as otherwise expressly set forth in the APA

or in this Order.

U.    **Satisfaction of Standards of Section 363(f).**  The Sellers may sell the Purchased

Assets free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever, other

than Permitted Post-Closing Encumbrances and Assumed Liabilities, because, in each case, one

or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been

satisfied.  Those holders of Liens, Claims, and Interests who did not object,  or  who withdrew

their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the

Bankruptcy Code.  Holders of Liens, Claims, or Interests are adequately protected by having

their Liens, Claims, or Interests attach to the proceeds received by the Sellers (if any) that are

ultimately attributable to the property against or in which such Liens, Claims, or Interests are

asserted, subject to the terms of such Liens, Claims, or Interests, with the same validity, force,

and effect, and in the same order of priority, which such Liens, Claims, or Interests now have against the Purchased Assets or their proceeds, if any.  In all cases, each such person with Liens, Claims, or Interests in the Purchased Assets (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) is enjoined from taking any action against the Buyer, the Buyer's affiliates, or any agent of the foregoing to recover any such Lien, Claim, or Interest.

V.     **Consideration for Transfer of Purchased Assets Free and Clear**.  Buyer would not have entered into the APA if the transfer of the Purchased Assets were not free and clear of all Liens, Claims and Interests as set forth in the APA and this Order, or if in the future Buyer would or could be liable for any such Liens, Claims or Interests.  The total consideration to be provided under the APA reflects Buyer's reliance on this Order to provide, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, that, upon the Closing, Buyer has title to, interest in and possession of the Purchased Assets free and clear of all Liens, Claims and Interests.

W.     **Repayment of DIP Obligations.**  Pursuant to the CA DIP Order, the Purchased Assets constitute DIP Collateral (as defined in the CA DIP Order) and are subject to the DIP Liens (as defined in the CA DIP Order).  At Closing, the Sellers are authorized and directed to distribute the proceeds of the Sale Transaction in accordance with the CA DIP Order and applicable DIP Documents (as defined in the CA DIP Order).

X.     **No *Sub Rosa* Plan**.  The Sale, Sale Transaction, the APA, and the other transactions contemplated thereby do not constitute a *sub rosa* chapter 11 plan.  The Sale Transaction neither impermissibly restructures the rights of the Sellers' creditors nor impermissibly dictates a liquidating chapter 11 plan for the Sellers.

Y.     **Assets Assignable**.  To the maximum extent possible under the Bankruptcy Code, each and every provision of the documents governing the Purchased Assets or applicable non-

bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any of the Purchased Assets, if any, has been or will be satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

Z.    **Necessity of Order.**  The Buyer would not have entered into the APA and would not consummate the Sale Transaction contemplated therein without all of the relief provided for in this  Order (including, but not limited to, that the sale and transfer of the Assets to Buyer be free and clear  of all Liens, Claims, and Interests).  The consummation of the Sale Transaction pursuant to this Order and the APA is necessary for the Sellers to (i) comply with the terms of the CA DIP Order and DIP Documents, including the milestones and repayment provisions set forth therein, and (ii) maximize the value of their estates for the benefit of all creditors.

AA.    **Final Order.** This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

BB.    **Best Interests.** Entry of this Order is in the best interests of the Sellers, the Sellers' estates, their creditors, and all other parties in interest.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    **Findings of Fact and Conclusions of Law.**    The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable herein by Bankruptcy Rule 9014.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and *vice versa*.

2.      **Motion Granted.**  The Motion is granted with respect to the Sale Transaction contemplated by the APA, and the relief requested therein with respect to the Sale is granted and approved in its entirety, as set forth herein.

3.      **Objections are Overruled.**  Except for any objections to adequate assurance of future performance by any Contract Counterparty that are contemplated to be heard post-Sale Approval Hearing in accordance with the Assumption and Assignment Procedures, all objections, reservations of rights regarding, or other responses to the Motion or the relief requested therein, the APA, all other ancillary agreements, the Sale Transaction, the entry of this Order or to the relief granted herein that have not been withdrawn, waived, settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.  All persons and entities that failed to timely object to the Motion are deemed to have consented to the relief granted herein for all purposes.

4.      **Approval.**  The APA, and all the terms and conditions thereof, is approved. Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Sellers are authorized to perform their obligations under, and comply with the terms of, the APA and consummate the Sale and the related transactions pursuant to, and in accordance with, the terms and conditions of the APA and this Order.  The Sellers are authorized to execute and deliver, and empowered to perform under, consummate, and implement, the APA and the Sale Transaction contemplated therein, together with all additional instruments and documents that the Sellers or the Buyer deem necessary or appropriate to  implement the APA and effectuate the Sale Transaction contemplated therein, and to take all further actions as may reasonably be required by the Buyer

for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer the Purchased Assets free and clear of any and all Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) as may be necessary or appropriate to their performance of their obligations under the APA.  The Buyer and the Sellers shall have no obligation to consummate the Sale Transaction except as contemplated by and provided for in the APA and the Bid Procedures.  The Buyer shall not be required to seek or obtain relief from the stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the APA or related documents.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order.

5.     **Notice**.  Notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Assumption and Assignment Procedures, the assumption and assignment of the Acquired Contracts to Buyer, the Auction, the Sale Approval Hearing, the Sale, all transactions contemplated therein or in connection therewith, including the Sale Transaction, all deadlines related thereto, and the relief granted in this Order was fair, sufficient, proper, and equitable under the circumstances and complied in all respects with sections 102(1) and 363 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Bid Procedures Order, the Bid Procedures, the Assumption and Assignment Procedures, and the procedural due process requirements of the United States Constitution.

6.     **Assumption and Assignment of Unexpired Leases and Executory Contracts.** Pursuant to section 365 of the Bankruptcy Code, the Sellers are authorized to assume the Acquired Contracts and assign such Acquired Contracts to the Buyer.  To the extent a Cure Amount is owed to a Contract Counterparty, the applicable Cure Amount will be paid by the Buyer (or if disputed, escrowed) on or before Closing of the Sale subject to and in accordance

with the APA, with a corresponding deduction from the Cash Consideration in accordance with the APA. Any objection of any Contract Counterparty to the assumption or assignment of any Acquired Contracts, any Cure Amount, or seeking further adequate assurance of future performance than that provided in the APA, to the extent not otherwise resolved by agreement, contemplated to be heard after the Sale Approval Hearing in accordance with the Assumption and Assignment Procedures, or by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to Buyer or Sellers as a result of the assignment of the Purchased Assets or the assumption and assignment of the Acquired Contracts. Disputed Cure Amounts escrowed pursuant to the APA and this Order shall be held in escrow and disbursed to satisfy the payment of Cure Amounts only upon agreement of the Sellers, the Buyer and the applicable Contract Counterparty, or upon further order of this Court. Upon payment of the Cure Amount, the Sellers shall be released by the applicable Contract Counterparty from any and all claims and causes of action of any nature whatsoever based on, arising from or relating to the Acquired Contracts.

7. **Transfer of Security and Other Deposits**. To the extent provided for in the APA, any and all of the Sellers' security deposits, or other security held by landlords, lessors, and other Contract Counterparties to the Acquired Contracts are being transferred and assigned to, and shall be the property of, the Buyer from and after the Closing, which transfer and assignment of security deposits, other deposits, or security shall satisfy in full the requirements of section 365(l) of the Bankruptcy Code for all Acquired Contracts assumed and assigned pursuant to this Order or the APA.[8] Except as expressly set forth in the APA, the Buyer shall have no responsibility for the payment of any Cure Amounts.

---

[8] The deposits referenced herein and being transferred pursuant to the APA do not include any Good Faith Deposits made by other potential bidders for the Assets of the Debtors pursuant to the Bid Procedures.

8.      **Binding Effect of Order.**  This Order shall be binding  in  all respects upon (i) all known and unknown creditors of, and holders of equity security interests in, the Debtors, including any holders of Liens, Claims, and Interests; (ii) the Buyer; (iii) the Debtors; (iv) the Purchased Assets; (v) any trustee(s) appointed in the Debtors' chapter 11 cases or upon a conversion to cases under chapter 7 of the Bankruptcy Code; and (vi) all successors and assigns of each of the foregoing, and this Order shall not be subject to amendment or modification and the APA shall not be subject to rejection.

9.      **Injunction.**  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Sellers to transfer the Purchased Assets to the Buyer in accordance with the APA and this Order. Following the Closing, all persons (including, but not limited to, the Sellers and the other Debtors, creditors, investors, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding Liens, Claims, or Interests in the Purchased Assets or against the Sellers and the other Debtors in respect of the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing  any Liens, Claims, or Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) of any kind or nature whatsoever against the Buyer or any affiliate of the Buyer or any of its respective property, successors and assigns, or the Purchased Assets, as an alleged successor or on any other grounds.  No person shall assert, and the Buyer and the Purchased Assets shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation,

any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of the Buyer under, or with respect to, any Purchased Assets, with respect to any act or omission that occurred prior to the Closing or with respect to any other agreement or any obligation of the Sellers or the other Debtors that is not an assumed liability under the APA.

10.     **General Assignment.**  Upon the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Sellers' interests in the Purchased Assets and a bill of sale transferring good and marketable title in the Purchased Assets to the Buyer free and clear of all Liens, Claims and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities).  Each and every federal, state, and local governmental agency, quasi-agency, or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction contemplated under the APA.

11.     **Transfer Free and Clear.** Upon the Closing, pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Purchased Assets, including the Acquired Contracts, shall be transferred to the Buyer in accordance with the APA, and such transfer shall be free and clear of all Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) of any person, including, without limitation, all such Liens, Claims, and Interests specifically enumerated in paragraph P of this Order, whether arising by agreement, by statute, or otherwise and whether occurring or arising before, on, or after the Petition Date, whether known or unknown, occurring or arising prior to such transfer, with all such Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) attaching to the proceeds of the Sale ultimately attributable to the property

against or in which the holder of a Lien, Claim, or Interest claims or may claim a Lien, Claim, or Interest, in the order of its priority, with the same validity, force, and effect which they now have and had against the Purchased Assets immediately prior to Closing, subject to any claims and defenses the Debtors may possess with respect thereto (other than with respect to any Lien, Claim, or Interest of any of the DIP ABL Lender, the DIP Term Agent, the DIP Term Lenders, and the CA Prepetition Secured Parties).

12.     **Licenses and Permits**.  To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Sellers with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Buyer as of the Closing Date. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any grant, permit, or license relating to the operation of the Purchased Assets sold, transferred, assigned, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale Transaction.

13.     **Environmental Protection Agency**.  Notwithstanding the foregoing, nothing in this Order or the APA releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may

have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

14.     **Valid Transfer.**  The transfer of the Purchased Assets to the Buyer pursuant to the APA constitutes a legal, valid, and effective transfer of the Purchased Assets and shall vest the Buyer with all right, title, and interest of the Sellers in and to the Purchased Assets free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (other than Permitted Post-Closing Encumbrances and Assumed Liabilities).

15.     **Exculpation and Release.**  Neither the Buyer nor any of its affiliates, successors, and assigns, nor any of its professionals, shall have, or incur any liability to, or be subject to any action by, the Debtors or any of their predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the APA and the entry into and consummation of the Sale Transaction, except as expressly provided in the APA and this Order. Neither the Debtors nor any of their affiliates, successors, and assigns, nor any of their professionals, shall have, or incur any liability to, or be subject to any action by, the Buyer or any of its predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the APA and the entry into and consummation of the Sale Transaction, except as expressly provided in the APA and this Order.

16.     **Direction to Release Interests.**  Upon the Closing, each of the Debtors' creditors and any other holder of a Lien, Claim, or Interest is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Lien, Claim, or Interest in the Purchased Assets, if any, as such Lien, Claim, or Interest may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing a Lien,

Claim, or Interest in all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities), which such person or entity has with respect to all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA , then (i) the Sellers are authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA, and (ii) the Buyer is authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Liens, Claims, and Interests (other than Permitted Post-Closing Encumbrances and Assumed Liabilities) of any kind or nature whatsoever in the Purchased Assets being sold pursuant to the Sale Transaction and the APA. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA, including, without  limitation, recordation of this Order. This Order shall be binding upon and shall govern the acts of all persons including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons who  may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to  any of such assets or other property interests.

17.     **No Interference.**  Following the Closing, no holder of any Lien, Claim or Interest in the Purchased Assets shall interfere with the Buyer's title to, or use and enjoyment of, the Purchased Assets being sold pursuant to the Sale Transaction and the APA based on, or related to, any such Lien, Claim, or Interest, or based on any actions the Debtors may take in these chapter 11 cases.

18.     **Surrender of Possession.**  All persons or entities that are currently, or as of the Closing, may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer at the Closing, unless the Buyer otherwise agrees.

19.     **Standing to Object to Claims**.  The Buyer shall have standing  to object to the allowance of claims (as such term is defined in section 101(5) of the Bankruptcy Code) asserted against the Sellers *solely* in regard to any unresolved or disputed Assumed Liabilities (as defined in the APA), that constitute obligations assumed by the Buyer pursuant to the terms of the APA.

20.     **Standing**. The APA shall be in full force and effect, regardless of any Seller's lack of good standing in any jurisdiction in which such Seller is formed or authorized to transact business.

21.     **Post-Closing Actions and Transactions.**  The Sellers and the Buyer, and each of their respective officers, employees, and agents, will be authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Sellers or the Buyer deem necessary or appropriate to implement and effectuate the terms of the APA, the Sale Transaction contemplated therein and this Order.

22.    **Sale is Self-Executing**.  The Sale is self-executing, and neither the Sellers nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

23.    **No Discriminatory Treatment.**  To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Purchased Assets  sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the transactions contemplated by the APA.

24.    **No Successor Liability.**   Neither the Buyer, nor any of its successors or assigns, or any of their respective affiliates shall have any liability for any Lien, Claim, or Interest that arose or occurred prior to the Closing, or otherwise may be asserted against the Sellers or other Debtors or is related to the Purchased Assets prior to the Closing.  The Buyer is not and shall not be deemed a "successor" to the Sellers or other Debtors or their estates; the Buyer has not, *de facto* or otherwise, merged with or into the Sellers or other Debtors; the Buyer does not have any common law or successor liability in relation to any employment plans; the Buyer is not liable for any liability or Lien (other than Assumed Liabilities) against the Sellers or other Debtors or any of the Sellers' or other Debtors' predecessors or Affiliates (other than those transferred to the Buyer pursuant to the Sale); and the Buyer is not an alter ego or mere continuation or substantial continuation of the Sellers or other Debtors or the enterprise of the Sellers or other Debtors under any theory of law or equity as a result of any action taken in connection with the APA, the Sale Transaction or any transactions or documents ancillary thereto or contemplated thereby or in connection with the acquisition of the Purchased Assets.

25.     **Limitations on Liability.**    Without limiting the foregoing, and except as otherwise set forth in the APA, the Buyer shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any Liens, Claims, or Interests, including under any theory of successor  or transferee liability, *de facto* merger or continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Successor or Other Liabilities.

26.     **Fair Consideration.**  The consideration provided by the Buyer for the Purchased Assets under the APA shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.  The Sale may not be avoided under section 363(n) of the Bankruptcy Code.  The APA was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Sellers or other Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law.  Neither the Sellers nor the Buyer have entered into the APA or any agreement contemplated thereby or are consummating the Sale with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities.  No other person or entity or group of persons or entities has offered to purchase the Purchased Assets for an amount that would provide greater value to the Sellers and their estates than the value provided by the Buyer.  This Court's approval of the Motion and the APA is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

27.    **No Modification by Subsequent Orders or Plan Provisions**.    Nothing contained in any chapter 11 plan confirmed in the Debtors' chapter 11 cases, any order confirming any such plan, or in any other order entered in these chapter 11 cases (including any order entered after any conversion of any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code) or any related proceeding subsequent to entry of this Order shall modify, alter, conflict with, or derogate from, the provisions of the APA or this Order.

28.    **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all amendments thereto, and any waivers and consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to the Buyer; (ii) interpret, implement, and enforce the provisions of this Order and the APA; (iii) protect the Buyer, any of the Buyer's affiliates, or any agent of the foregoing, against any Liens, Claims, or Interests against the Sellers or other Debtors or the Purchased Assets of any kind or nature whatsoever; and (iv) enter any order under sections 363 and 365 of the Bankruptcy Code.

29.    **Good Faith Buyer.**    The transactions contemplated by the APA are undertaken by the Buyer without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the transactions shall not affect the validity of the transactions (including the assumption and assignment of the Acquired Contracts) nor the transfer of the Purchased Assets owned by the Sellers to the Buyer fee and clear of all Liens pursuant to the APA.    The Buyer is a buyer in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.    In particular, (i)

Buyer recognized that the Sellers were free to deal with any other party interested in purchasing the Purchased Assets; (ii) Buyer in no way induced or caused the chapter 11 filings by the Sellers or the other Debtors; (iii) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (iv) no common identity of directors, managers, officers or controlling stockholders exist between Buyer, on the one hand, and any of the Sellers or the other Debtors, on the other hand; (v) Buyer complied with the Bid Procedures and all provisions of the Bid Procedures Order; and (vi) all payments to be made, and all other material agreements or arrangements entered into or to be entered into by Buyer in connection with the Sale Transaction have been disclosed.  The Sellers and the Buyer will be acting in good faith if they proceed to consummate the Sale at any time after entry of this Order.

30. **Approval of Repayment of DIP Obligations**.  At Closing, the Sellers are authorized and directed to distribute the proceeds of the Sale Transaction with respect to the applicable Purchased Assets in accordance with the CA DIP Order and the DIP Documents, including without limitation, the indefeasible payment in full in cash of all Obligations owing by Debtors to the DIP ABL Lender.

31. **Repayment of Prepetition Obligations and Adequate Protection Obligations/Remaining Prepetition Obligations and Adequate Protection Obligations.**  To the extent the proceeds of the Sale Transaction are sufficient to pay the DIP Obligations owed to the CA DIP Lenders in full at Closing and any other costs and expenses that are required to be paid at Closing, the remaining proceeds of the Purchase Price shall be distributed in accordance with the APA and this Order, or if necessary, subject to further order of this Court.

32. **Release of Secured Parties.**  In consideration of the consent by each of the DIP ABL Lender, the DIP Term Agent, the DIP Term Lenders, and the CA Prepetition Secured

Parties to the Sale Transaction, each of the Debtors, on behalf of themselves, anyone who may bring a claim on their behalf (including derivative claims), and their successors and assigns, and each of their respective officers, directors, employees, agents, sub-agents, attorneys, consultants, advisors and affiliates (collectively, the "Releasors"), hereby, forever release, discharge and acquit each of the DIP ABL Lender, the DIP Term Agent, the DIP Term Lenders, and the CA Prepetition Secured Parties, and their respective successors and assigns, and their present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, partners, members, managers, attorneys, employees, consultants, advisors and other representatives in their respective capacities as such (collectively, the "Released Secured Parties") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every kind, nature and description, including, without limitation, any so-called "lender liability" claims or defenses, that Releasors had, have or hereafter can or may have against any Released Secured Party as of the date hereof, in respect of events that occurred on or prior to the date hereof with respect to any Debtor or any subsidiary thereof, the DIP Documents (as defined in the CA DIP Order), the Prepetition Documents (as defined in the CA DIP Order), and any other financial accommodations made by any of the Released Secured Parties to the Debtors, including any action or omission of a Released Secured Party in such person's capacity as an officer, director, employee, consultant, or agent of, or advisor to, any Debtor or any subsidiary thereof (the "Secured Party Release").  In addition, upon the Closing, the Released Secured Parties are hereby released from any and all obligations, liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection with or related to the DIP Documents (as defined in the CA DIP Order), the CA DIP Order, these chapter 11 cases, or this Order, and the Debtors are authorized to execute and deliver a termination and release

agreement, in form and substance satisfactory to each of the Released Secured Parties. *Notwithstanding the foregoing*, the effectiveness of the Secured Party Releases set forth herein are expressly subject to the Challenge Deadline (as defined in the CA DIP Order) as may be extended in accordance with the terms of the CA DIP Order (except with respect to the Prepetition ABL Secured Parties with respect to whom the Challenge Period expired on May 24, 2021).

33. **No Bulk Law Application.**  No bulk sales law or similar law shall apply in any way to the transactions contemplated by the Sale, the APA, the Motion, and this Order.

34. **Inconsistencies with Prior Orders, Pleadings or Agreements**.  To the extent this Order is inconsistent with any prior order or filing with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern and any prior orders shall be deemed amended or otherwise modified to the extent required to permit consummation of the Sale Transaction.  To the extent there is any inconsistency between the terms of this Order and the terms of the  APA (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.  Except as otherwise expressly provided by this Order, nothing in the APA or this Order shall be deemed to amend, modify, or limit the rights and claims of any of the CA Secured Parties or any of the Prepetition Secured Parties (each as defined in the CA DIP Order), unless expressly agreed to in writing by the foregoing as applicable.

35. **Failure to Specify Provisions.**  The failure to specifically include any particular provision of the APA or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the APA and all other related documents be authorized and approved in their entirety pursuant to this Order.

36.    **Non-Material Modifications.**  The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have any adverse effect on the Sellers' estates. Notwithstanding anything to the contrary set forth in this Order, the APA, any ancillary agreement or related agreement, document, or other instrument, any amendments, modifications, supplements to or waivers of any obligations or rights of the parties thereto that could reasonably adversely impact or affect the rights of the CA Secured Parties or the Prepetition Secured Parties (as defined in the CA DIP Order) shall require the prior written consent of the affected CA Secured Parties.

37.    **No Stay of Order.**  Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Sellers and the Buyer are authorized to close the Sale Transaction immediately upon entry of this Order.  Time is of the essence in closing the Sale Transaction referenced herein, and the Sellers and the Buyer intend to close the Sale Transaction as soon as practicable.  This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.   Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

38.    **Headings.**  Headings utilized in this Order are for convenience of reference only, and do not constitute a part of this Order for any other purpose.

39.    **Time Periods.**  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.    **Non-severability.**    The provisions of this order are non-severable and mutually dependent.

# **EXHIBIT A**

Asset Purchase Agreement