# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

-----------------------------------------------------------------x

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| | : | **Case No. 21-10527 (JTD)** |
| **CARBONLITE HOLDINGS LLC,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| | : | |
| Debtors.[1] | : | Ref. Docket No. 498 |

-----------------------------------------------------------------x

## LIMITED OBJECTION OF PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P. TO NOTICE OF SUCCESSFUL BIDDER AND AUCTION RESULTS FOR SALE OF THE ASSETS OF CARBONLITE INDUSTRIES LLC (THE RIVERSIDE FACILITY)

Prologis Targeted U.S. Logistics Fund, L.P. ("Landlord"), by and through its undersigned counsel, hereby asserts a limited objection (the "Limited Objection") to the sale of the Riverside Assets to the Riverside Successful Bidder as set forth in the *Notice of Successful Bidder and Auction Results for Sale of the Assets of CarbonLite Industries LLC (The Riverside Facility)* [Docket No. 498] (the "Notice").[2] In support of this Limited Objection, Landlord respectfully represents as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On or about March 18, 2021, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the Notice.

ACTIVE.133091093.02

3. Landlord, as landlord, and co-debtor CarbonLite Industries LLC, as tenant ("Tenant" or "Industries"), are parties to that certain Lease dated as of January 21, 2020 (the "Palmyrita Lease") for the lease of approximately 202,805 rentable square feet in a building located at Prologis Riverside Distribution Center 3, 555 Palmyrita Avenue, Riverside, CA 92507 (the "Palmyrita Site"). The Palmyrita Lease expires by its own terms on July 31, 2030. Pursuant to the Palmyrita Lease, Landlord is holding a cash security deposit for the Palmyrita Site in the amount of $500,000 (the "Palmyrita Security Deposit").

4. Landlord, as landlord, and Industries, as tenant, are also parties to that certain Lease dated as of October 1, 2010 and subsequently amended pursuant to that First Amendment to Lease Agreement dated March 5, 2021 (collectively, the "Michigan Avenue Lease" and together with the Palmyrita Lease, the "Leases" and each a "Lease") for the lease of approximately 221,224 square feet in Building B located at 875 Michigan Avenue, Riverside, CA and a portion of the 12.71 acres of land associated with Building B which site is referred in the Riverside APA to as the Riverside Facility. The Michigan Avenue Lease expires by its own terms on March 31, 2026. Pursuant to the Michigan Avenue Lease, Landlord is holding a cash security deposit for the Michigan Avenue Premises in the amount of $100,000 and a letter of credit in the amount of $500,000 (the "Michigan Avenue Security Deposit" and collectively with the Palmyrita Security Deposit, the "Security Deposit").

5. On April 9, 2021, the Court entered the *Order (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief* [Docket No. 266].

6. On May 22, 2021, the Debtors filed the Notice, which identifies TSG Shelf II Acquisition, LLC as the Riverside Successful Bidder.

2

7. The Asset Purchase Agreement, attached as Exhibit 2 to the Notice (the "Riverside APA"), makes clear that Industries' leasehold interests in the Riverside Facility is an Acquired Real Property Lease thereunder (and as defined therein).

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

8. While Landlord does not object to a sale of the Riverside Assets, Landlord objects to the Sale to the Riverside Successful Bidder for the reasons set forth herein.

9. First, the Debtor must clarify the conflict between Section 2.2(i) of the Riverside APA and Exhibit 2.1(e) to the Disclosure Schedules and clearly state whether the Palmyrita Lease is to be assumed as part of the Sale.

10. Landlord further objects to the proposed assumption and assignment due to Industries' failure to provide adequate assurance of future performance by the Riverside Successful Bidder. Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee or debtor-in-possession may assign an unexpired lease of the debtor only if:

> the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2). This provision "was primarily designed to protect landlords." *In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 592 (S.D.N.Y. 1992). Several factors are relevant to the bankruptcy court's determination of whether adequate assurance of future performance has been provided, including: (1) the assignee's financial ability to perform the contract; (2) the general economic climate; (3) the existence of a guarantee; (4) the reputation of the party seeking to assume responsibility for the contract; and (5) past dealings between the parties. *See In re Resource Tech.*, 624 F.3d 376, 383 (7th Cir. 2010).

11. As of the date of this filing, no adequate assurance information has been provided to Landlord regarding the Riverside Successful Bidder, its financial condition and/or its ability to perform all obligations under the Leases. While Landlord certainly understands

the flexibility afforded to debtors to assume and assign leases generally, Industries has not satisfied section 365(f)(2) of the Bankruptcy Code.

12.     In addition, while the proposed Sale Order, attached as Exhibit 1 to the Notice, contemplates transfer of security deposits to the Riverside Successful Bidder, it is unclear from the Notice and the Riverside APA when and whether the Riverside Successful Bidder will replace the $500,000 letter of credit held as part of the Security Deposit for the Michigan Avenue Lease. Absent such replacement and without any adequate assurance information regarding the Riverside Successful Bidder, it is impossible to determine if the Security Deposits are adequate given the size of each Premises and significant risk to Landlord.

13.     Further, the Riverside Assets – whether located at an assumed location or not – must not include any property belonging to the Landlord within the Palmyrita Site or the Riverside Facility, including but not limited to dock equipment, building systems, HVAC equipment (including but not limited to "Big Ass Fans"), security equipment, fire safety equipment and/or Tenant-Made Alterations (as defined by the Leases).

14.     Finally, the Riverside APA provides that the Riverside Successful Bidder is only liable and responsible for the Assumed Liabilities from and after the Closing Date. Landlord objects to assumption on these terms, as it runs contrary to the spirit and letter of section 365 of the Bankruptcy Code, and leaves Landlord without meaningful recourse for defaults under the Lease prior to the Closing Date, including but not limited to environmental liability. To the extent that the Debtor and/or the Riverside Successful Bidder seek assignment on these terms, Landlord requests that they conduct adequate testing at the assumed premises and satisfy Landlord that there are no environmental issues.

15.     Landlord reserves the right to supplement or amend this Limited Objection based upon information acquired by Landlord subsequent to its filing and/or for additional sums that become due and owing between the date hereof and ultimate assumption and assignment of either Lease. Landlord further reserves the right to object to adequate assurance

information when such information is made available, to exercise all available remedies under the Lease to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Rules), and to assert claims against the Debtors (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the Bankruptcy Code) at the appropriate time.

## CONCLUSION

16. WHEREFORE, for the reasons set forth above, Landlord respectfully requests that the Court predicate entry of the Riverside Sale Order approving the assumption and assignment of the Leases on the Debtors satisfying their cure obligations, if any, as those exist at the time of the assumption and assignment and providing adequate assurance information for the Landlord's consideration, each consistent with this Limited Objection, and grant such other and further relief as is just and equitable.

Dated: Wilmington, Delaware
May 25, 2021

Respectfully submitted,

Marita S. Erbeck
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Tel: (973) 549-7000
Fax: (973) 360-9831
marita.erbeck@dbr.com

By: */s/ Ian J. Bambrick*
Ian J. Bambrick (Del. Bar No. 5455)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel.: (302) 467-4200
Fax: (302) 467-4201
Ian.Bambrick@faegredrinker.com

*Attorneys for Prologis Targeted U.S. Logistics Fund, L.P.*