IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARBONLITE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 21-10527 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. Docket No. 461 |

**ORION ENERGY PARTNERS INVESTMENT AGENT, LLC'S OPPOSITION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 DIRECTING THE PRODUCTION OF DOCUMENTS**

Orion Energy Partners Investment Agent, LLC ("**Orion**") hereby files this opposition to the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order directing Orion to produce certain documents and communications within its possession, custody, or control that are responsive to the categories set forth in the document requests attached to the Motion as Exhibit B (the "**2004 Document Requests**") by no later than June 8, 2021.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings LLC (8957); CarbonLite P LLC (5453); CarbonLite PI Holdings LLC (8957); CarbonLite Pinnpack LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); CarbonLite Recycling LLC (3727); and Pinnpack Packaging LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Final CA DIP Order (as defined in the Motion), as applicable.

28182823.1

## PRELIMINARY STATEMENT

The Committee's discovery demands should be denied as a fruitless exercise that will accomplish nothing other than wasting valuable estate resources. With the auction for the CA Debtors' assets now complete, it is clear beyond all doubt that there will not be enough value to come close to satisfying the claims of the CA Debtors' secured creditors. The possibility of a recovery for the CA Debtors' unsecured creditors is non-existent. That being the case, there is no good cause for the Committee's request to pursue burdensome and expensive Rule 2004 discovery. To the contrary, allowing the Committee to pursue its discovery requests will serve only to dissipate the Debtors' estates, which will be required to foot the bill for both the Committee's and Orion's expenses incurred in connection with the Committees' discovery requests.

## FACTUAL BACKGROUND

1.　　The CA Debtors' capital structure is well-known. The CA Debtors have incurred up to $18.5 million of debtor-in-possession asset-based loans ("**DIP ABL Loans**") (with a projected outstanding balance of approximately $12 million), as well as approximately $65.5 million of debtor-in-possession term loans ("**DIP Term Loans**") (comprised of $20 million in New Money DIP Term Loans provided by Orion and approximately $45.5 million in aggregate rolled-up Tranche A Loans and Tranche C Loans). Behind these DIP obligations, the CA Debtors have roughly $46.1 million in remaining prepetition Tranche A Loans and $5.3 million of prepetition Tranche B Loans, which are subordinated in right of payment to the outstanding prepetition Tranche A Loans.

2.　　On May 21, 2021, the CA Debtors concluded an auction for the sale of the Riverside Facility, and the winning bid was $57.5 million. *See* Notice of Successful Bidder and Auction Results for Sale of the Assets of CarbonLite Industries LLC [ECF No. 498], at ¶ 6. To date, there

have been no qualified bids for the CA Debtors' PinnPack Facility, and there will be no equity investment in the Debtor. Thus, it is now beyond dispute that the DIP Term Loans will only receive a fractional recovery in these bankruptcy cases; the Tranche B loans will receive nothing. There is no possibility of a recovery for the unsecured creditors of the CA Debtors under any theory.

3.      Nevertheless, on April 22, 2021, the Committee's counsel wrote to Orion's counsel, stating that it had "undertaken an investigation of, among other things, potential claims or causes of action held by the Debtors and/or the Committee against Orion … relating to, among other things, the amount, validity, perfection, enforceability, priority or extent of any of the Debtors' prepetition obligations or prepetition liens, or any portion thereof[.]" Ex. A, Apr. 22, 2021 Email from J. Lee.[3]  Counsel to the Committee also provided an "informal request for documents" for purposes of the investigation, and further stated that they had "requested many of these documents from the Debtors," but "their counsel, citing lack of resources, referred us to you for these specific requests." *Id.*  An attachment to the Committee's email contained several far-reaching categories of requested documents:

- Copies of communications with any or all Debtors and their advisors with respect to prepetition loans since March 1, 2019;

- Documents relating to the negotiation, preparation, execution, funding and administration of the Orion Tranche B term loan, including participation agreements;

- Documents relating to the negotiation, preparation, execution, funding and administration of the Orion Tranche C term loan, including participation agreements;

---

[3] References to "Ex. [ ]" refer to the exhibits attached to the Declaration of Mateo de la Torre in Support of Orion Energy Partners Investment Agent, LLC's Opposition to the Official Committee of Unsecured Creditors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Directing the Production of Documents.

- Copies of communications with any or all Debtors and their advisors with respect to the transfer of the Tranche B loan proceeds to the PA Debtors;

- Copies of communications with any or all Debtors and their advisors with respect to the transfer of funds from (i) any CA Debtor to any PA Debtor or TX Debtor; and (ii) any PA Debtor or TX Debtor to any CA Debtor, in each case, at any time since March 1, 2019;

- All documentation with respect to perfection of security interests in the Debtors' bank accounts, including any bank or deposit account control agreements;

- Copies of any notices of default sent to the Debtors with respect to the Orion term loan.

Ex. B, Apr. 22, 2021 Document Requests from Committee.

4. On April 29, 2021, in response to the Committee's request for documents, Orion's counsel wrote to the Committee's counsel, stating Orion's intention "to work cooperatively with the Committee to address [its] requests," but noting that "the Committee's document requests are extremely broad and would impose an undue and disproportionate burden on Orion," in large part because the Committee has no prospect of recovery in these bankruptcy cases. Ex. C, Apr. 29, 2021 Ltr. from M. de la Torre.

5. In addition to seeking discovery in connection with potential claims against the Debtors' estates, the Committee has also sought discovery from Orion concerning potential claims against Leon Farahnik, CarbonLite's Chief Executive Officer. In that regard, on May 10, 2021, counsel to the Committee wrote to counsel for Orion, seeking a "specific document" containing a "personal financial statement" of Leon Farahnik, CEO of the Debtors, which the Committee claimed was "requested by Orion in the context of determining whether to accept a personal guarantee from Leon Farahnik of the Tranche B loan." Ex. D, May 10, 2021 Email from E. McNeilly. The next day, Orion's counsel responded, stating that Mr. Farahnik had provided the document in question to Orion "on a confidential basis," and therefore requested that the

Committee obtain Mr. Farahnik's consent to such production. Ex. E, May 11, 2021 Email from M. de la Torre. The Committee replied, stating that the document requested was "plainly a document that would be subject to production in a Rule 2004 exam." Ex. F, May 11, 2021 Email from E. McNeilly. Orion subsequently produced this document to the Committee on condition that it be maintained on an "attorneys' eyes only" basis. Ex. M, May 28, 2021 Email from M. de la Torre.

6. On May 15, 2021, the Committee filed the instant Motion.

7. On May 17, 2021, counsel for Orion and the Committee met and conferred regarding the Committee's various requests. *See* Ex. I, May 16, 2021 email from P. Van Tol. The next day, the Committee wrote to Orion, attaching a broad list of search terms that the Committee proposed Orion to run. *See* Ex. K, May 18, 2021 Email from E. McNeilly; Ex. J, Committee Proposed Search Terms.

8. On May 21, 2021, counsel to Orion and the Committee met and conferred again. *See* Ex. L, May 24, 2021 Email from E. McNeilly. During the meet and confer, Orion's counsel explained Orion's position that the Committee's requested discovery was overbroad, unduly burdensome, and disproportionate to the needs of the case, particularly in light of the fact that the proceeds from the Debtors' ongoing sale process would not possibly provide any recovery to unsecured creditors. *See id.*

9. On May 24, 2021, counsel for the Committee wrote to Orion's counsel, asserting without evidence that "there may be substantial claims against your client, including claims for equitable subordination of your client's prepetition debt on account of your client's conduct in connection with the incurrence of the Tranche B Debt." Ex. L, May 24, 2021 Email from E.

McNeilly.  The Committee has never provided a single factual assertion in support of this irresponsible speculation.

## ARGUMENT

10.     Motions to compel discovery under Bankruptcy Rule 2004 are "dependent on the discretion of the court."  *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016).  Indeed, "parties do not have an absolute right to Rule 2004 examinations"; rather, "[t]he party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks," or to show that "denial of such request would cause the examiner undue hardship or injustice." *Id.* at 626-27.  The Court must "balance the examiner's interests against the [examinee's] interests in avoiding the cost and burden of disclosure." *See In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).  A Rule 2004 examination cannot be used in a way that is more disruptive and costly to the party from whom discovery is requested than it is beneficial to the debtors' estates. *See In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987); *see also In re Washington Mut, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (discovery under Rule 2004 "may not be used for purposes of abuse or harassment and it cannot stray into matters which are not relevant to the basic inquiry" (internal quotation marks and citation omitted)).

11.     Here, the Committee should not be permitted to embark on an expensive fishing expedition, thereby squandering valuable estate assets, with no reasonable prospect of recovery.  As discussed above (*see supra* ¶ 1), it is crystal clear that the Tranche B Loans will receive nothing; and there is no possibility of a recovery for the unsecured creditors of the CA Debtors.  Notably, the Challenge Deadline with respect to the Tranche A Loans has passed without a Challenge being brought by the Committee.

12. The CA Debtors themselves recognize that the Committee's 2004 request will not provide any benefit to the Debtors' estates. Indeed, that is precisely why the Debtors refused to provide the information sought by the Committee and, instead, "citing lack of resources, referred [the Committee] to [Orion] for these specific requests." Ex. A, Apr. 22, 2021 Email from J. Lee. Orion should not be forced to bear the expense of 2004 requests that should be directed to, and handled by, the Debtor and its counsel, not Orion.

13. Far from providing any benefit to the Debtors, the Committee's request will only serve to squander the estate's dwindling assets. The Committee's 2004 request would impose a significant burden on Orion, forcing Orion to expend considerable legal fees in connection with collecting, reviewing and producing documents in response to the Committee's request. Ultimately, these legal fees would be borne by the CA Debtors' estates, and further layer additional DIP obligations ahead of the CA Debtors' general unsecured creditors, as Orion has an indemnification right against the Debtors' estates for any legal fees incurred in these bankruptcy cases. *See* Final CA DIP Order at ¶ 34. Every dollar that Orion expends responding to the Committee's requests will be one less dollar available for the CA Debtors' secured creditors, who are already receiving a fractional recovery, let alone general unsecured creditors.

14. The Committee's position is particularly egregious in the context of this bankruptcy proceeding, where the CA Debtors' prepetition lenders, including Orion, have provided crucial prepetition and postpetition (including new money) financing for the benefit of all of the Debtors and all creditor constituencies. This financing paved the way for a more organized chapter 11 filing and sale process to occur, rather than a "freefall" that would have been to everyone's detriment. This good deed should not now be punished by forcing Orion and, by extension, the

Debtors, to waste valuable assets responding to discovery requests from a Committee that has no possibility of recovery in these cases.

## CONCLUSION

For the reasons set forth herein, Orion respectfully requests that the Committee's Motion for an order approving Rule 2004 discovery should be denied.

Dated: May 28, 2021

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kara Hammond Coyle*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Kara Hammond Coyle (No. 4410)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: rbrady@ycst.com
eharron@ycst.com kcoyle@ycst.com

- and -

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork, Esq.
Nicholas J. Messana, Esq.
LATHAM & WATKINS LLP
355 South Grand Avenue
Suite 100
 Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
nicholas.messana@lw.com

- and –

**LATHAM & WATKINS LLP**
James Ktsanes, Esq.
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: james.ktsanes@lw.com

- and -

28182823.1

8

**LATHAM & WATKINS LLP**
Eric Leon, Esq.
Andrew C. Ambruoso, Esq.
Mateo de la Torre, Esq.
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: eric.leon@lw.com
andrew.ambruoso@lw.com
mateo.delatorre@lw.com

*Counsel to Orion Energy Partners Investment Agent, LLC*