## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CARBONLITE HOLDINGS LLC, *et al.*, | Case No. 21-10527 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 611** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BDO USA, LLP AS TAX ACCOUNTANT TO THE DEBTORS PURSUANT TO SECTIONS 327(a), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-2 EFFECTIVE AS OF JUNE 11, 2021

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, authorizing the Debtors to employ and retain BDO USA, LLP ("BDO") as tax accountant, on the terms set forth in the Services Agreement annexed to the Application; and upon the White Declaration annexed to the Application; all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CarbonLite Holdings LLC (8957); CarbonLite Industries LLC (3596); CarbonLite P Holdings, LLC (8957); CarbonLite P, LLC (5453); CarbonLite PI Holdings, LLC (8957); CarbonLite Pinnpack, LLC (8957); CarbonLite Recycling Holdings LLC (8957); CarbonLite Recycling LLC (3727); CarbonLite Sub-Holdings, LLC (8957); Pinnpack P, LLC (8322); and Pinnpack Packaging, LLC (9948). The address of the Debtors' corporate headquarters is 10250 Constellation Blvd., Los Angeles, CA 90067.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is APPROVED as set forth herein.

2.      The Debtors are hereby authorized to retain BDO as tax accountant to the Debtors, effective as of June 11, 2021, on the terms set forth in the Services Agreement, as modified by this Order; *provided that*, notwithstanding anything in the Services Agreement to the contrary, BDO shall only seek reimbursement of reasonable expenses that BDO actually incurs.

3.      BDO shall file fee applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

4.      The Debtors shall be bound by the indemnification and other provisions of the Services Agreement and will indemnify BDO pursuant to the Services Agreement, subject, during the pendency of these chapter 11 cases, to the following:

DOCS_LA:338389.4 13044/001

a.    BDO shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

b.    The Debtors shall have no obligation to indemnify BDO, or provide contribution or reimbursement to BDO, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BDO's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of BDO's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which BDO should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order; and

c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, BDO believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Services Agreement, including, without limitation, the advancement of defense

costs, BDO must file an application therefor in this Court, and the Debtors may not pay any such amounts to BDO before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BDO for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BDO.  All parties in interest shall retain the right to object to any demand by BDO for indemnification, contribution, or reimbursement.

5.      The terms of the Services Agreement shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code by all interested parties.

6.      Prior to any increases in BDO's rates, BDO shall provide notice of such increase to the Debtors, the United States Trustee, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases, which are subject to review by the Court.

7.      The "Dispute Resolution" procedures in paragraph 12 of the terms and conditions annexed to the Terms and Conditions Letter shall not apply during the pendency of these chapter 11 cases; *provided, however*, that all disputes shall be governed by the laws of the State of New York.  Notwithstanding any provision in this Order to the contrary, the "Dispute Resolution" procedures in paragraph 12 of the terms and conditions annexed to the Terms and Conditions Letter

4

shall apply to any services provided to the Debtors by BDO outside of the chapter 11 cases, including, in an abundance of caution, any services provided to the Debtors by BDO after the effective date of any confirmed plan.

8.      To the extent informed by the Debtors, BDO shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      To the extent the Debtors and BDO enter into any additional SOW(s), the Debtors will file such SOW(s) with this Court and serve such SOW(s) upon: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Term Agent, DIP Term Lenders, and Prepetition Term Secured Parties; (c) counsel to the DIP ABL Lender and Prepetition ABL Secured Parties (d) counsel to the TX/PA DIP Agents and Prepetition Trustees; (e) counsel to the Committee; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  To the extent any such parties object within 10 days of such new SOW(s) being served to the additional services to be provided by BDO, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

11.      To the extent there is inconsistency between the terms of the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

12.      Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.    This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.

Dated: July 12th, 2021
Wilmington, Delaware

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

6